Rachelle E. Sanchez, Bar #032518
LIGHTFOOT, FRANKLIN, & WHITE LLC
400 20th St. N.
Birmingham, Alabama 35203
Telephone:  (205) 581-0700
rsanchez@lightfootlaw.com

Kari B. Zangerle, Bar #013164
Robert C. Stultz, Bar #025781
GUST ROSENFELD P.L.C.
One East Washington Street, Suite 1600
Phoenix, Arizona  85004-2553
(602) 257-7422
kzangerle@gustlaw.com
rstultz@gustlaw.com

*Attorneys for Defendants NaphCare, Inc., Mikell Karsten, M.D.,
Leo Easley, N.P., Jason Chamberlain, R.N., and Matthew Woods, M.H.P.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
### TUCSON DIVISION

| | |
|---|---|
| The Estate of Mary Faith Casey A/K/A Mary Hutchinson, by and through its Co-Personal Representatives, Karina Kepler and Calin Casey; Karin Kepler, an individual; and Carlin Casey, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>NaphCare, Inc., an Alabama corporation; Pima County, Arizona; The Hon. Chris Nanos, in his official capacity as Pima County Sheriff; Jason Chamberlain, R.N., in his individual capacity; Leo Easley, N.P., in his individual capacity; Mikell Karsten, M.D., in his individual capacity; John Samaan, M.D., in his individual capacity; and Matthew Woods, M.H.P., in his individual capacity,<br><br>Defendants. | NO. 4:24-cv-00220-RM-PSOT<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

1

Defendants NaphCare, Inc. ("NaphCare"), Mikell Karsten, M.D., Leo Easley, N.P., Jason Chamberlain, R.N., and Matthew Woods, M.H.P. (collectively, the "NaphCare Defendants") by and through undersigned counsel, hereby answer Plaintiffs' Complaint as follows:

## I.    PRELIMINARY STATEMENT

1.    Answering Paragraph 1, admitted that Mary Faith Casey ("Decedent") was in the custody of Pima County Jail located in Tucson, Arizona prior to her death. To the extent this paragraph purports to allege a viable cause of action against the NaphCare Defendants, they deny the same.

2.    Answering Paragraph 2, any allegations asserted against the NaphCare Defendants are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph that are not asserted against the NaphCare Defendants, and therefore deny the same.

3.    Answering Paragraph 3, any allegations asserted against the NaphCare Defendants are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph that are not asserted against the NaphCare Defendants, and therefore deny the same.

4.    Answering Paragraph 4, admitted that from September 15, 2021 to the present, NaphCare was/is the current contracted healthcare services provider for the Pima County Adult Detention Complex in Pima County (the "Pima County Jail"). The NaphCare Defendants deny Plaintiffs' characterizations of the care received by Decedent and the allegations asserted against them within this paragraph. The NaphCare Defendants are

otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph that are not asserted against the NaphCare Defendants, and therefore deny the same.

## II.     SUMMARY

5.     Answering Paragraph 5, the first two sentences of this paragraph are not allegations asserted against the NaphCare Defendants and, thus, no response is required. The remaining allegations contained within this paragraph appear to be, at least in part, an attempt to paraphrase jail and/or medical records. To the extent these allegations mischaracterize the records, they are denied. Any allegations asserted against the NaphCare Defendants are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph that are not asserted against the NaphCare Defendants, and therefore deny the same.

6.     Answering Paragraph 6, admitted, upon information and belief, that Decedent was arrested and booked into the Pima County Jail on or around April 30, 2022. Further, the allegations contained within this paragraph appear to be, at least in part, an attempt to paraphrase jail and/or medical records. To the extent these allegations mischaracterize the records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph that are not asserted against the NaphCare Defendants, and therefore deny the same. To the extent Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

7.      Answering Paragraph 7, the allegations contained within this paragraph appear to be, at least in part, an attempt to paraphrase jail and/or medical records. To the extent these allegations mischaracterize the records, they are denied. The remaining allegations asserted against the NaphCare Defendants are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph that are not asserted against the NaphCare Defendants, and therefore deny the same.

8.      Answering Paragraph 8, the allegations contained within this paragraph appear to be, at least in part, an attempt to paraphrase jail and/or medical records. To the extent these allegations mischaracterize the records, they are denied. The remaining allegations asserted against the NaphCare Defendants are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph that are not asserted against the NaphCare Defendants, and therefore deny the same.

9.      Answering Paragraph 9, the allegations contained within this paragraph appear to be, at least in part, an attempt to paraphrase jail and/or medical records. To the extent these allegations mischaracterize the records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph that are not asserted against the NaphCare Defendants, and therefore deny the same. To the extent Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

4

10.     Answering Paragraph 10, the allegations contained within this paragraph appear to be, at least in part, an attempt to paraphrase jail and/or medical records. To the extent these allegations mischaracterize the records, they are denied. Any allegations asserted against the NaphCare Defendants are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph that are not asserted against the NaphCare Defendants, and therefore deny the same.

11.     Answering Paragraph 11, the allegations contained within this paragraph appear to be an attempt to paraphrase jail and/or medical records. To the extent these allegations mischaracterize the records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

12.     Answering Paragraph 12, the allegations contained within this paragraph appear to be an attempt to paraphrase jail and/or medical records. To the extent these allegations mischaracterize the records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same. To the extent Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

13.     Answering Paragraph 13, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records. To the extent these allegations mischaracterize the records, they are denied. Denied that Dr. Samaan was "a NaphCare

provider." The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph that are not asserted against the NaphCare Defendants, and therefore deny the same. To the extent Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

14.     Answering Paragraph 14, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

15.     Answering Paragraph 15, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase jail, court, and/or medical records. To the extent these allegations mischaracterize the records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same. To the extent Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

16.     Answering Paragraph 16, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase medical records. To the extent these allegations mischaracterize the records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same. To the extent Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

17.     Answering Paragraph 17, admitted only that from September 15, 2021 to the present NaphCare is the current contracted healthcare services provider for the Pima County Jail. The NaphCare Defendants otherwise deny Plaintiffs' characterizations of the care received by Decedent and, to the extent Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

### III.    JURISDICTION AND VENUE

18.     Answering Paragraph 18, based solely upon the unproven allegations of Plaintiffs' Complaint, admitted.

19.     Answering Paragraph 19, based solely upon the unproven allegations of Plaintiffs' Complaint, admitted.

### IV.    PARTIES

20.     Answering Paragraph 20, the allegations asserted against the NaphCare Defendants are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph that are not asserted against the NaphCare Defendants, and therefore deny the same.

21.     Answering Paragraph 21, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

22.     Answering Paragraph 22, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23.    Answering Paragraph 23, admitted that from September 15, 2021 to the present NaphCare was/is the current contracted healthcare services provider for the Pima County Jail. Admitted that NaphCare is headquartered in Alabama and, at the time frame at issue, was doing business in Arizona as a provider of healthcare. Admitted that NaphCare was properly served through its registered agent. Further responding, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase the contractual agreements between Pima County and NaphCare, which speak for themselves. To the extent the allegations mischaracterize these agreements, they are denied. Denied that NaphCare is a state actor for the purposes of 42 U.S.C. § 1983.

24.    Answering Paragraph 24, these allegations do not pertain to the NaphCare Defendants, they are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

25.    Answering Paragraph 25, these allegations do not pertain to the NaphCare Defendants, they are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

26.    Answering Paragraph 26, admitted that Jason Chamberlain, R.N. was a registered nurse employed by NaphCare, is a licensed healthcare provider under Arizona law, and saw Decedent as a patient. Denied that RN Chamberlain was "acting under color of law." Plaintiffs' legal conclusions do not require a response. To the extent a response is required, denied.

27.    Answering Paragraph 27, admitted that Leo Easley, N.P. was a nurse practitioner employed by NaphCare, is a licensed healthcare provider under Arizona law,

and saw Decedent as a patient. Denied that NP Easley was "acting under color of law." Plaintiffs' legal conclusions do not require a response. To the extent a response is required, denied.

28.     Answering Paragraph 28, admitted that Mikell Karsten, M.D. was a medical doctor employed by NaphCare, is a licensed healthcare provider under Arizona law, and saw Decedent as a patient. Denied that Dr. Karsten was "acting under color of law." Plaintiffs' legal conclusions do not require a response. To the extent a response is required, denied.

29.     Answering Paragraph 29, denied that Dr. Samaan was employed by NaphCare. The NaphCare Defendants otherwise state that these allegations do not pertain to the NaphCare Defendants, they are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

30.     Answering Paragraph 30, admitted that Matthew Woods, MHP was a mental health professional employed by NaphCare, is a licensed healthcare provider under Arizona law, and saw Decedent as a patient. Denied that MHP Woods was "acting under color of law." Plaintiffs' legal conclusions do not require a response. To the extent a response is required, denied.

## V.     FACTS

31.     Answering Paragraph 31, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

32.     Answering Paragraph 32, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

33.     Answering Paragraph 33, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

34.     Answering Paragraph 34, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

35.     Answering Paragraph 35, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

36.     Answering Paragraph 36, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

37.     Answering Paragraph 37, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

38.     Answering Paragraph 38, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

39.    Answering Paragraph 39, admitted, upon information and belief, that Decedent was incarcerated in the Pima County Jail more than once, including, upon information and belief, in November 2020. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

40.    Answering Paragraph 40, the implicit allegations against the NaphCare Defendants are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph not asserted against the NaphCare Defendants, and therefore deny the same.

41.    Answering Paragraph 41, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase court or other records. To the extent these allegations mischaracterize those records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

42.    Answering Paragraph 42, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase jail, medical, or other records. To the extent these allegations mischaracterize those records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

43.    Answering Paragraph 43, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

44.     Answering Paragraph 44, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

45.     Answering Paragraph 45, admitted that, upon information and belief, Decedent was incarcerated at the Pima County Jail following her arrest on April 30, 2022. Denied that Decedent was "exclusively and completely dependent on NaphCare and its staff." The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

46.     Answering Paragraph 46, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

47.     Answering Paragraph 47, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

48.     Answering Paragraph 48, the NaphCare Defendants deny all allegations regarding negligence, deliberate indifference, and liability. Further, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

49.     Answering Paragraph 49, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase medical records as well as NCCHC standards. To the extent these allegations mischaracterize those medical records or NCCHC standards, they are denied. The NaphCare Defendants otherwise deny Plaintiffs' characterizations of the care received by Decedent, characterizations of the screening forms, and the allegations contained within this paragraph.

50.     Answering Paragraph 50, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. The NaphCare Defendants otherwise deny the allegations contained within this paragraph.

51.     Answering Paragraph 51, upon information and belief, admitted that Decedent was incarcerated in the Pima County Jail more than once, including in 2021. The NaphCare Defendants otherwise deny the allegations contained within this paragraph.

52.     Answering Paragraph 52, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase medical records. To the extent these

allegations mischaracterize those records, they are denied. Denied that the NaphCare Defendants deprived Decedent of any psychiatric medications. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

53.     Answering Paragraph 53, the allegations contained in this paragraph appear to be an attempt to paraphrase jail or medical records. To the extent these allegations mischaracterize those records, they are denied. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

54.     Answering Paragraph 54, the allegations contained in this paragraph appear to be an attempt to paraphrase court records. To the extent these allegations mischaracterize those records, they are denied. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

55.     Answering Paragraph 55, the NaphCare Defendants deny Plaintiffs' characterizations of the care received by Decedent and all allegations regarding negligence, deliberate indifference, and liability. Further, the allegations contained in this paragraph appear to be an attempt to paraphrase court records. To the extent these allegations mischaracterize those records, they are denied. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

56.     Answering Paragraph 56, the NaphCare Defendants deny Plaintiffs' characterizations of the care received by Decedent and all allegations regarding negligence, deliberate indifference, and liability. Further, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase medical records as well as the contractual agreement(s) between Pima County and NaphCare. To the extent these allegations mischaracterize those records, they are denied. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

57.     Answering Paragraph 57, the NaphCare Defendants deny Plaintiffs' characterizations of the care received by Decedent and all allegations regarding negligence, deliberate indifference, and liability. Further, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

58.     Answering Paragraph 58, the NaphCare Defendants deny Plaintiffs' characterizations of the care received by Decedent and all allegations regarding negligence, deliberate indifference, and liability. Further, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

59.    Answering Paragraph 59, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

60.    Answering Paragraph 60, the NaphCare Defendants deny Plaintiffs' characterizations of the care received by Decedent and all allegations regarding negligence, deliberate indifference, and liability. Further, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

61.    Answering Paragraph 61, the NaphCare Defendants deny Plaintiffs' characterizations of the care received by Decedent and all allegations regarding negligence, deliberate indifference, and liability. Further, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

62.    Answering Paragraph 62, the allegations contained in this paragraph appear to be an attempt to paraphrase jail records. To the extent these allegations mischaracterize those records, they are denied. To the extent that Plaintiffs contend that the allegations

contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

63.    Answering Paragraph 63, the NaphCare Defendants deny Plaintiffs' characterizations of the care received by Decedent and all allegations regarding negligence, deliberate indifference, and liability. Further, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase jail records. To the extent these allegations mischaracterize those records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

64.    Answering Paragraph 64, the NaphCare Defendants deny Plaintiffs' characterizations of the care received by Decedent and all allegations regarding negligence, deliberate indifference, and liability. Further, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

65.    Answering Paragraph 65, the NaphCare Defendants deny Plaintiffs' characterizations of the care received by Decedent and all allegations regarding negligence,

deliberate indifference, and liability. Further, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase jail and medical records. To the extent these allegations mischaracterize those records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

66. Answering Paragraph 66, the NaphCare Defendants deny Plaintiffs' characterizations of the care received by Decedent as well as all allegations regarding negligence, deliberate indifference, and liability. Further, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

67. Answering Paragraph 67, the NaphCare Defendants deny Plaintiffs' characterizations of the care received by Decedent as well as all allegations regarding negligence, deliberate indifference, and liability. Further, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

68.    Answering Paragraph 68, the NaphCare Defendants deny Plaintiffs' characterizations of the care received by Decedent as well as all allegations regarding negligence, deliberate indifference, and liability. Further, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

69.    Answering Paragraph 69, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase jail and/or medical records. To the extent these allegations mischaracterize those records, they are denied. The NaphCare Defendants otherwise deny Plaintiff's characterizations regarding the care provided to the Decedent and, to the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

70.    Answering Paragraph 70, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. The NaphCare Defendants otherwise deny the allegations contained within this paragraph. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

71.    Answering Paragraph 71, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase medical records. To the extent these

allegations mischaracterize those records, they are denied. The NaphCare Defendants otherwise deny the allegations contained within this paragraph. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

72.    Answering Paragraph 72, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase jail and medical records. To the extent these allegations mischaracterize those records, they are denied. The NaphCare Defendants otherwise deny the allegations against them contained within this paragraph and are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph that are not asserted against the NaphCare Defendants, and therefore deny the same. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

73.    Answering Paragraph 73, the NaphCare Defendants deny all allegations regarding negligence, deliberate indifference, and liability. Further, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

74.    Answering Paragraph 74, this paragraph contains conclusory statements that do not require a response. To the extent a response is required, denied. Additionally, the

allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase medical records. To the extent the allegations mischaracterize the records, they are denied. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

75.     Answering Paragraph 75, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase court records. To the extent these allegations mischaracterize those records, they are denied. The NaphCare Defendants otherwise are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

76.     Answering Paragraph 76, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of whether Decedent was capable of conferring with her criminal attorney, and therefore deny the same. The remaining allegations within this paragraph are denied.

77.     Answering Paragraph 77, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of whether Decedent was capable of being transported to court, and therefore deny the same. The remaining allegations within this paragraph are denied.

78.     Answering Paragraph 78, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase court records. To the extent these allegations

mischaracterize those records, they are denied. To the extent these allegations are directed at the NaphCare Defendants, they are denied. The NaphCare Defendants otherwise are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

79.    Answering Paragraph 79, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of whether Decedent was capable of communicating through mail or other means, and therefore deny the same. The remaining allegations within this paragraph are denied.

80.    Answering Paragraph 80, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase court records. To the extent these allegations mischaracterize those records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of whether Decedent was found mentally incompetent but restorable. The remaining allegations within this paragraph are denied.

81.    Answering Paragraph 81, admitted that NaphCare providers referred Decedent to two different hospitals on three separate occasions out of concern for her medical condition, beginning, upon information and belief, on August 4, 2022. The NaphCare Defendants otherwise deny Plaintiffs' characterizations of the care received by Decedent and any remaining allegations contained within this paragraph.

82.    Answering Paragraph 82, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase jail or medical records. To the extent these allegations mischaracterize those records, they are denied. The NaphCare Defendants are

otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

83.    Answering Paragraph 83, the NaphCare Defendants deny all allegations regarding negligence, deliberate indifference, and liability. Further, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase jail and/or medical records. To the extent these allegations mischaracterize those records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

84.    Answering Paragraph 84, admitted that Decedent was transferred to the hospital emergency room following concerns regarding her medical condition. Further, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

85.    Answering Paragraph 85, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. To the extent that Plaintiffs contend that the

allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

86.    Answering Paragraph 86, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

87.    Answering Paragraph 87, the NaphCare Defendants deny Plaintiffs' characterizations of the care received by Decedent and all allegations regarding negligence, deliberate indifference, and liability. Further, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records and speculate upon third-party medical providers' decision-making. To the extent these allegations mischaracterize those records, they are denied. To the extent these allegations misrepresent the third-party medical providers' decision-making, and bases for the same, they are denied. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

88.    Answering Paragraph 88, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records. To the extent the allegations mischaracterize the records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same. To the extent that Plaintiffs contend

that the allegations contained within this paragraph purport to allege a viable cause of action against NaphCare, NaphCare denies the same.

89.    Answering Paragraph 89, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records. To the extent the allegations mischaracterize the records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against NaphCare, NaphCare denies the same.

90.    Answering Paragraph 90, admitted that Decedent was again transferred to St. Mary's hospital on August 8, 2022. The NaphCare Defendants deny Plaintiffs' characterizations of the care received by Decedent and all allegations regarding negligence, deliberate indifference, and liability. Further, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records and speculate upon third-party medical providers' decision-making. To the extent these allegations mischaracterize those records, they are denied. To the extent these allegations misrepresent the third-party medical providers' decision-making, and bases for the same, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

91.     Answering Paragraph 91, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records. To the extent the allegations mischaracterize the records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

92.     Answering Paragraph 92, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records. To the extent the allegations mischaracterize the records, they are denied. Admitted, upon information and belief, that Dr. Samaan recommended psychiatric medications for Decedent. Any remaining allegations asserted against the NaphCare Defendants are denied.

93.     Answering Paragraph 93, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records. To the extent the allegations mischaracterize the records, they are denied. Admitted, upon information and belief, that Dr. Samaan recommended psychiatric medications for Decedent. Denied that Dr. Samaan was a NaphCare provider. Any remaining allegations asserted against the NaphCare Defendants are denied.

94.     Answering Paragraph 94, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records. To the extent the allegations mischaracterize the records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained

within this paragraph, and therefore deny the same. Any remaining allegations asserted against the NaphCare Defendants are denied.

95.    Answering Paragraph 95, the NaphCare Defendants state that these allegations do not pertain to the NaphCare Defendants. To the extent a response is required, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records. To the extent the allegations mischaracterize the records, they are denied. To the extent the allegations within this paragraph are directed at the NaphCare Defendants, they are denied.

96.    Answering Paragraph 96, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records. To the extent the allegations mischaracterize the records, they are denied. Otherwise, admitted that Decedent reported to MHP Woods that she believed her food was poisoned, and MHP Woods was concerned about her.

97.    Answering Paragraph 97, the allegations contained in this paragraph appear to be an attempt to paraphrase jail records. To the extent the allegations mischaracterize the records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same. Any remaining allegations asserted against the NaphCare Defendants are denied.

98.    Answering Paragraph 98, admitted that Decedent was transferred to St. Mary's hospital again, her third hospitalization, for additional work up and evaluation following concerns from NaphCare providers regarding her medical condition. Otherwise,

the allegations contained in this paragraph appear to be an attempt to paraphrase medical records and, to the extent the allegations mischaracterize those records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

99.    Answering Paragraph 99, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records and speculate upon third-party medical providers' decision-making. To the extent these allegations mischaracterize those records, they are denied. To the extent these allegations misrepresent the third-party medical providers' decision-making, and bases for the same, they are denied. The NaphCare Defendants otherwise deny Plaintiffs' characterizations of the care received by Decedent and all allegations against them regarding negligence, deliberate indifference, and liability. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph not asserted against them, and therefore deny the same. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

100.    Answering Paragraph 100, the allegations contained in this paragraph appear to be an attempt to paraphrase court records. To the extent these allegations mischaracterize those records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same. To the extent that Plaintiffs contend that the allegations

contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

101.    Answering Paragraph 101, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

102.    Answering Paragraph 102, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

103.    Answering Paragraph 103, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same. To the extent that Plaintiffs contend

that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

104.    Answering Paragraph 104, the allegations contained in this paragraph appear to be an attempt to paraphrase court records. To the extent these allegations mischaracterize those records, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

105.    Answering Paragraph 105, the allegations contained in this paragraph appear to be an attempt to paraphrase court records. To the extent these allegations mischaracterize those records, they are denied. The NaphCare Defendants deny Plaintiffs' characterizations of the care received by Decedent and all allegations against them regarding negligence, deliberate indifference, and liability. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph not asserted against them, and therefore deny the same.

106.    Answering Paragraph 106, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations regarding communication attempts with Decedent, and therefore deny the same. Any remaining allegations directed at the NaphCare Defendants are denied.

107.    Answering Paragraph 107, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase court, jail, and/or medical records. To the

extent these allegations mischaracterize those records, they are denied. The NaphCare Defendants otherwise deny Plaintiffs' characterizations of the care received by Decedent and any remaining allegations against them contained within this paragraph.

108.    Answering Paragraph 108, admitted, upon information and belief, that Decedent was released from Pima County Jail and again received medical care and treatment from Banner Hospital on August 18, 2022. Further, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase medical records. To the extent these allegations mischaracterize those records, they are denied. This paragraph also contains conclusory statements which do not require a response. To the extent a response is required, denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

109.    Answering Paragraph 109, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

110.    Answering Paragraph 110, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records and/or speculate upon third-party medical providers' decision-making. To the extent these allegations mischaracterize those records, they are denied. To the extent these allegations misrepresent the third-party medical providers' decision-making, and bases for the same, they are denied. The NaphCare Defendants deny Plaintiffs' characterizations of the care received by Decedent and all allegations against them regarding negligence, deliberate indifference, and liability. The

NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

111.    Answering Paragraph 111, the NaphCare Defendants deny Plaintiffs' characterizations of the care received by Decedent, but otherwise are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

112.    Answering Paragraph 112, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records and/or speculate upon third-party medical providers' decision-making. To the extent these allegations mischaracterize those records, they are denied. To the extent these allegations misrepresent the third-party medical providers' decision-making, and bases for the same, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

113.    Answering Paragraph 113, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records and/or speculate upon third-party medical providers' decision-making. To the extent these allegations mischaracterize those records, they are denied. To the extent these allegations misrepresent the third-party medical providers' decision-making, and bases for the same, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

114.    Answering Paragraph 114, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records and/or speculate upon third-party medical providers' decision-making. To the extent these allegations mischaracterize those records, they are denied. To the extent these allegations misrepresent the third-party medical providers' decision-making, and bases for the same, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

115.    Answering Paragraph 115, the allegations contained in this paragraph appear to be an attempt to paraphrase medical records and/or speculate upon third-party medical providers' decision-making. To the extent these allegations mischaracterize those records, they are denied. To the extent these allegations misrepresent the third-party medical providers' decision-making, and bases for the same, they are denied. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

116.    Answering Paragraph 116, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

117.    Answering Paragraph 117, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

118.    Answering Paragraph 118, the NaphCare Defendants deny any allegations asserted against them within this paragraph. The NaphCare Defendants are otherwise

without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

119.    Answering Paragraph 119, the NaphCare Defendants deny any allegations asserted against them within this paragraph. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

120.    Answering Paragraph 120, the NaphCare Defendants deny Plaintiffs are entitled to recover against them. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

121.    Answering Paragraph 121, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

122.    Answering Paragraph 122, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

123.    Answering Paragraph 123, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

## VI.    ALLEGATIONS REGARDING SYSTEMS, POLICIES, PRACTICES, AND CUSTOMS

124.    Answering Paragraph 124, denied.

125.    Answering Paragraph 125, denied.

126.    Answering Paragraph 126, admitted that from September 15, 2021 to the present NaphCare was/is the current contracted healthcare services provider for the Pima County Jail. Further, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase the contractual agreements between Pima County and NaphCare, which speak for themselves. To the extent the allegations mischaracterize these agreements, they are denied.

127.    Answering Paragraph 127, NaphCare admits that it was initially selected by Pima County for a one-year term, until a formal procurement process became available, following the County's termination of its contract with the prior vendor. At the expiration of that initial one-year term, the request for proposal process was implemented and NaphCare was selected through the bidding process. NaphCare denies the characterizations and remaining allegations contained within this paragraph. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

128.    Answering Paragraph 128, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase the contractual agreements between Pima County and NaphCare, which speak for themselves. To the extent the allegations mischaracterize these agreements, they are denied. The remaining allegations are denied.

129.    Answering Paragraph 129, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase a "memo," which speaks for itself. To the extent the allegations mischaracterize this memo, they are denied. NaphCare denies the

allegations against it. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

130.    Answering Paragraph 130, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase a "memo," which speaks for itself. To the extent the allegations mischaracterize this memo, they are denied. NaphCare denies the allegations against it. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

131.    Answering Paragraph 131, admitted that NaphCare utilized additional providers via telehealth services to support onsite staff. Denied that the NaphCare providers available onsite were not "adequate" or "qualified." Any remaining allegations are denied.

132.    Answering Paragraph 132, denied.

133.    Answering Paragraph 133, denied.

134.    Answering Paragraph 134, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase the contractual agreements between Pima County and NaphCare, which speak for themselves. To the extent the allegations mischaracterize these agreements, they are denied. The NaphCare Defendants deny the remaining allegations contained therein.

135.    Answering Paragraph 135, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase the contractual agreements between Pima County and NaphCare, which speak for themselves. To the extent the allegations

mischaracterize these agreements, they are denied. The NaphCare Defendants deny the remaining allegations contained therein.

136.   Answering Paragraph 136, admitted that some healthcare providers are scheduled on 12-hour shifts. The NaphCare Defendants deny the remaining allegations contained therein.

137.   Answering Paragraph 137, admitted that NaphCare utilized additional providers via telehealth services to  support onsite staff. Denied that the NaphCare providers available on-site were not "adequate" or "qualified."  Any remaining allegations are denied.

138.   Answering Paragraph 138,  the allegations contained in this paragraph appear to be an attempt to paraphrase county audits, which speak for themselves. To the extent the allegations mischaracterize these audits, or the results thereof, they are denied. Any remaining allegations are denied.

139.   Answering Paragraph 139, denied.

140.   Answering Paragraph 140, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase the contractual agreements between Pima County and NaphCare, as well as the NCCHC standards, which speak for themselves. To the extent the allegations mischaracterize these agreements and/or the NCCHC standards, they are denied. The NaphCare Defendants deny the remaining allegations contained therein.

141.   Answering Paragraph 141, the allegations contained within this paragraph appear to be an attempt to paraphrase the NCCHC standards. To the extent the allegations

contained within this paragraph mischaracterize the NCCHC standards, they are denied. The NaphCare Defendants otherwise deny the allegations contained therein.

142.    Answering Paragraph 142, denied.

143.    Answering Paragraph 143, NaphCare denies the characterizations and allegations contained within this paragraph. To the extent that Plaintiffs contend that the allegations contained within this paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

144.    Answering Paragraph 144, denied.

145.    Answering Paragraph 145, denied.

146.    Answering Paragraph 146, denied.

147.    Answering Paragraph 147, denied that Dr. Samaan was a NaphCare provider. Further, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase the contractual agreements between Pima County and NaphCare, which speak for themselves. To the extent the allegations mischaracterize these agreements, they are denied. The NaphCare Defendants deny the remaining allegations contained therein.

148.    Answering Paragraph 148, the allegations contained within this paragraph appear to be an attempt to paraphrase the NCCHC standards. To the extent the allegations contained within this paragraph mischaracterize the NCCHC standards, they are denied.. The NaphCare Defendants otherwise deny the allegations contained therein.

149.    Answering Paragraph 149, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase the contractual agreements between Pima County and NaphCare, which speak for themselves. To the extent the allegations

mischaracterize these agreements, they are denied. The NaphCare Defendants deny the remaining allegations contained therein.

150.    Answering Paragraph 150, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase the contractual agreements between Pima County and NaphCare, which speak for themselves. To the extent the allegations mischaracterize these agreements, they are denied. The NaphCare Defendants deny the remaining allegations contained therein.

151.    Answering Paragraph 151, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase the contractual agreements between Pima County and NaphCare, which speak for themselves. To the extent the allegations mischaracterize these agreements, they are denied. The NaphCare Defendants deny the remaining allegations contained therein.

152.    Answering Paragraph 152, the allegations contained in this paragraph appear to be, at least in part, an attempt to paraphrase the contractual agreements between Pima County and NaphCare, which speak for themselves. To the extent the allegations mischaracterize these agreements, they are denied. The NaphCare Defendants otherwise deny Plaintiffs' characterizations and remaining allegations contained therein as detailed in paragraphs 125-151.

153.    Answering Paragraph 153, NaphCare admits that contractual adjustments were made, but otherwise deny the characterizations and allegations contained within this paragraph.  To the extent that Plaintiffs contend that the allegations contained within this

paragraph purport to allege a viable cause of action against the NaphCare Defendants, they deny the same.

154.    Answering Paragraph 154, the NaphCare Defendants are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph regarding the stated data and statistics, and therefore deny the same. The remaining allegations are denied.

155.    Answering Paragraph 155, denied with respect to the allegations against the NaphCare Defendants. The NaphCare Defendants are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

156.    Answering Paragraph 156, the NaphCare Defendants state that these allegations do not pertain to the NaphCare Defendants, they are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

157.    Answering Paragraph 157, denied.

158.    Answering Paragraph 158, denied that the NaphCare Defendants' conduct was "illegal and unconstitutional." Otherwise, these allegations do not pertain to the NaphCare Defendants, and they are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

159.    Answering Paragraph 159, the NaphCare Defendants state that these allegations do not pertain to the NaphCare Defendants, they are otherwise without

knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

160.    Answering Paragraph 160, the NaphCare Defendants state that these allegations do not pertain to the NaphCare Defendants, they are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

161.    Answering Paragraph 161, the NaphCare Defendants state that these allegations do not pertain to the NaphCare Defendants, they are otherwise without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

## VII.    PUNITIVE DAMAGES

162.    Answering Paragraph 162, denied.

163.    Answering Paragraph 163, denied as to the allegations against the NaphCare Defendants. Otherwise, these allegations do not pertain to the NaphCare Defendants, they are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

## VIII.    CERTIFICATION REGARDING EXPERT OPINION FOR MEDICAL MALPRACTICE CLAIM

164.    Answering Paragraph 164, this paragraph does not require a response. However, the NaphCare Defendants also certify that Plaintiffs must satisfy the statutory requirements of A.R.S. §§ 12-2603, 12-2604.

## IX.    CLAIMS FOR RELIEF

### COUNT I
### (42 U.S.C. § 1983 – NaphCare)

165.    Answering Paragraph 165, admitted that from September 15, 2021 to the present NaphCare was/is the current contracted healthcare services provider for the Pima County Jail. The remaining allegations are denied.

166.    Answering Paragraph 166, denied.

167.    Answering Paragraph 167, denied.

168.    Answering Paragraph 168, denied.

169.    Answering Paragraph 169, this paragraph contains legal conclusions, which do not require a response. To the extent a response is required, denied.

170.    Answering Paragraph 170, denied.

### COUNT II
### (Medical Malpractice – NaphCare)

171.    Answering Paragraph 171, admitted that NaphCare from September 15, 2021 to the present NaphCare was/is the current contracted healthcare services provider for the Pima County Jail. Admitted that NaphCare was, at all relevant times, a licensed healthcare provider under Arizona law. Any remaining allegations are denied.

172.    Answering Paragraph 172, admitted that, in principle, NaphCare can be liable for the conduct of its own employees who are acting within the line and scope of their employment. Such liability is denied here. The remaining allegations in this paragraph are denied.

173.    Answering Paragraph 173, denied.

**COUNT III**
**(Wrongful Death – NaphCare)**

174.    Answering Paragraph 174, denied.

175.    Answering Paragraph 175, denied.

**COUNT IV**
**(42 U.S.C. § 1983 – Individual Medical Defendants)**

176.    Answering Paragraph 176, denied as to the allegations asserted against the NaphCare employees. Denied that Dr. Samaan was employed by NaphCare. Otherwise, these allegations do not pertain to the NaphCare Defendants, they are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

**COUNT V**
**(Medical Malpractice – Individual Medical Defendants)**

177.    Answering Paragraph 177, denied as to the allegations asserted against the NaphCare employees. Denied that Dr. Samaan was employed by NaphCare. Otherwise, these allegations do not pertain to the NaphCare Defendants, they are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

178.    Answering Paragraph 178, NaphCare denies the allegations contained therein on behalf of the NaphCare employees. Otherwise, these allegations do not pertain to the NaphCare Defendants, they are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNT VI**
**(Wrongful Death – Individual Medical Defendants)**

179.    Answering Paragraph 179, denied as to the allegations asserted against the NaphCare employees. Denied that Dr. Samaan was employed by NaphCare. Otherwise, these allegations do not pertain to the NaphCare Defendants, they are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

180.    Answering Paragraph 180, denied as to the allegations asserted against the NaphCare employees. Otherwise, these allegations do not pertain to the NaphCare Defendants, they are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

**COUNT VII**
**(42 U.S.C. § 1983 – Pima County)**

181.    Answering Paragraph 181, these allegations do not pertain to the NaphCare Defendants, they are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

**COUNT VIII**
**(42 U.S.C. § 1983 – Pima County)**

182.    Answering Paragraph 182, these allegations do not pertain to the NaphCare Defendants, they are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

**COUNT IX**
**(42 U.S.C. § 1983 – Sheriff Nanos)**

183.    Answering Paragraph 183, these allegations do not pertain to the NaphCare Defendants, they are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

**COUNT X**
**(42 U.S.C. § 1983 – Sheriff Nanos)**

184.    Answering Paragraph 184, these allegations do not pertain to the NaphCare Defendants, they are without knowledge to form an opinion as to the truthfulness of the allegations contained within this paragraph, and therefore deny the same.

## X.    JURY TRIAL

185.    The NaphCare Defendants demand a jury on all issues so triable.

## XI.    REQUEST FOR RELIEF

Answering Paragraphs 186-193, the NaphCare Defendants deny all allegations regarding negligence, deliberate indifference, and liability. The NaphCare Defendants further deny that their actions were the cause of Plaintiffs' damages and deny that Plaintiffs are entitled to any damages, relief, or judgment against them.

## AFFIRMATIVE DEFENSES

1.    The NaphCare Defendants deny each and every allegation not specifically admitted above.

2.    The NaphCare Defendants affirmatively assert that Plaintiffs' Complaint fails to state a claim upon which relief may be granted against them.

3.     The NaphCare Defendants affirmatively assert that Plaintiffs' Complaint fails the requirements of Rule 8 of the Federal Rules of Civil Procedure and merely contains labels and conclusions and threadbare recitals of the elements of causes of action. *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 7 (2008) (citation omitted).

4.     Plaintiffs have failed to state a claim for deliberate indifference against the NaphCare Defendants. Plaintiff's allegations demonstrate that the NaphCare Defendants were not deliberately indifferent to the Decedent.

5.     The NaphCare Defendants allege Plaintiffs have failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a constitutional violation.

6.     The allegations in Plaintiff's Amended Complaint do not amount to a constitutional violation and, as such, are not actionable under 42 U.S.C. § 1983.

7.     The NaphCare Defendants did not violate any clearly established laws or rights in carrying out their duties as related to Decedent and may be entitled to the protection of qualified immunity.

8.     The NaphCare Defendants deny that they denied Decedent with any right protected by the United States Constitution.

9.     The NaphCare Defendants deny that any of their acts or omissions caused Plaintiffs to suffer any cognizable injuries or damages.

10.    The NaphCare Defendants plead the affirmative defense of comparative negligence and comparative fault.

11.    The NaphCare Defendants plead the affirmative defense of contributory negligence and assumption of risk.

12.    The NaphCare Defendants plead the affirmative defense of failure to mitigate damages.

13.    The NaphCare Defendants affirmatively allege that Plaintiffs' damages, if any, may have been caused by or contributed to by other individuals or entities not currently known to NaphCare or by individuals or entities not under the control of the NaphCare Defendants pursuant to A.R.S. §12-2501, et seq. The NaphCare Defendants expressly reserve the right to allege non-parties at fault as permitted under Arizona law.

14.    The NaphCare Defendants assert all affirmative defenses in 8(c) and 12(b) Fed. R. Civ. P. to avoid waiver.

15.    The NaphCare Defendants deny that Plaintiffs are entitled to punitive damages under Arizona law against the NaphCare Defendants as there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of Decedent and/or the Plaintiffs, thereby precluding punitive damages.

16.    To the extent that any of the NaphCare Defendants are found liable in this case, the NaphCare Defendants are entitled to an apportionment of liability.

17.    Plaintiffs have failed to meet the conditions precedent to bringing this action against the NaphCare Defendants.

18.    The NaphCare Defendants at all times met or exceeded the applicable standard of care in their medical care and treatment of Decedent.

47

19.     The NaphCare Defendants are not state actors for purposes of 42 U.S.C. § 1983 and, therefore, Plaintiff's Amended Complaint fails to state a § 1983 claim against the NaphCare Defendants.

20.     The NaphCare Defendants are not liable for exemplary or punitive damages under 42 U.S.C. § 1983.

21.     The NaphCare Defendants affirmatively assert, in the alternative, that if they are determined to be liable for the allegations alleged in the Complaint, which the NaphCare Defendants deny, the NaphCare Defendants are entitled to contribution from other Defendants, named and unnamed, by way of the doctrine of contribution.

22.     The NaphCare Defendants affirmatively assert that Plaintiffs are not entitled to seek damages related to any claims for the pain and suffering of the Decedent allegedly experienced before her death on the wrongful death claim, and is limited to seek only the alleged, allowable damages to the beneficiaries, confined to their alleged loss because of the death.  *See e.g.*, A.R.S. § 12-613; In re *Estate of Winn*, 225 Ariz. 275, 277-78, ¶ 13 (App. 2010).

23.     The NaphCare Defendants affirmatively assert that all or a portion of Plaintiffs' alleged damages, if any, may have been all or partly proximately caused by the actions or inactions of Decedent, including, but not limited to, refusal of treatment, and by operation of law are imputed to Plaintiffs and statutory beneficiaries, all of which either bars or reduces on a comparative basis, any recovery against the NaphCare Defendants.

24.    The NaphCare Defendants affirmatively assert that their conduct, and that of NaphCare's employees or agents, was at all times lawful and within the appropriate standard of care.

25.    The NaphCare Defendants affirmatively assert that Plaintiffs' alleged damages were proximately caused by persons or entities over which the NaphCare Defendants had no control.

26.    The NaphCare Defendants affirmatively assert that Plaintiffs are required to prove their claims through qualified expert testimony. *See* A.R.S. §§ 12-2603, 12-2604.

27.    The NaphCare Defendants affirmatively assert that to hold the NaphCare Defendants liable for the state claims at issue, Plaintiffs must prove that the NaphCare Defendants fell below the applicable standard of care and that the alleged failure to meet the applicable standard of care was the proximate cause of Plaintiffs' alleged injuries and damages. *See* A.R.S. §§ 12-563 and 12-572.

28.    As and for a separate affirmative defense, and in the alternative, the NaphCare Defendants alleges that they did not have a duty of care, custody, and control over Decedent in the detention setting.

29.    The NaphCare Defendants affirmatively assert that any alleged action or inaction by themselves or NaphCare's employees was not the proximate cause of Plaintiffs' alleged injuries, losses, and damages.

30.    The NaphCare Defendants affirmatively assert that no employee of NaphCare committed a tort and, therefore, no liability can be independently attached to NaphCare. *Mulhern v. City of Scottsdale*, 165 Ariz. 395, 398 (App. 1990).

The NaphCare Defendants put Plaintiffs on notice that affirmative defenses may be added or removed in an amended answer after or during discovery. During the course of litigation, the NaphCare Defendants may discover facts which support one or more of the affirmative defenses set forth in Rule 8(c) and/or Rule 12(b) of the Federal Rules of Civil Procedure, and to avoid waiving said defenses, NaphCare hereby incorporates them by reference.

**WHEREFORE,** having fully answered the allegations of Plaintiffs' Complaint, the NaphCare Defendants pray that same be dismissed with prejudice, that Plaintiffs take nothing thereby, that the NaphCare Defendants be awarded their costs and attorneys' fees incurred herein, and for such other and further relief as to this Court deems just under the circumstances.

**THE NAPHCARE DEFENDANTS DEMAND A TRIAL BY STRUCK JURY**

DATED this 16th day of July, 2024.

LIGHTFOOT, FRANKLIN & WHITE, LLC

By: *Rachelle E. Sanchez*
Rachelle E. Sanchez
400 20th St. N.
Birmingham, Alabama 35203

GUST ROSENFELD, PLC

Kari B. Zangerle
Robert C. Stultz
One South Church Avenue, Suite 1900
Tucson, AZ 85701

*Attorneys for Defendants NaphCare, Inc., Mikell Karsten, M.D., Leo Easley, N.P., Jason Chamberlain, R.N., and Matthew Woods, M.H.P.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 16, 2024, a true copy of the foregoing document was electronically submitted with the clerk of the court for the U.S. District Court of Arizona, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Rachelle E. Sanchez*
Rachelle E. Sanchez