J. Arthur Eaves/Bar No. 019748
Robert O. Beardsley/Bar No. 029215
**SANDERS & PARKS, P.C.**
3030 North Third Street, Suite 1300
Phoenix, AZ 85012-3099
Direct Phone: (602) 532-5730
Direct Fax: (602) 230-5034
artie.eaves@sandersparks.com
robert.beardsley@sandersparks.com

Attorneys for Defendant John Samaan, M.D.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| The Estate of Mary Faith Casey a/k/a Mary Hutchinson, by and through its Co-Personal Representatives, Karina Kepler and Carlin Casey; Karina Kepler, an individual; and Carlin Casey, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>NaphCare, Inc., an Alabama corporation; Pima County, Arizona; The Hon. Chris Nanos, in his official capacity as Pima County Sheriff; Jason Chamberlin, R.N., in his individual capacity; Leo Easley, N.P., in his individual capacity; Dr. Mikell Karsten, M.D., in his individual capacity; Dr. John Samaan, M.D., in his individual capacity; and Matthew Woods, M.H.P., in his individual capacity,<br><br>Defendants. | Case No.: 24-CV-0220-TUC-RM<br><br>**DEFENDANT JOHN SAMAAN, M.D.'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant John Samaan, M. D., (hereinafter referred to as "Answering Defendant"), by and through undersigned counsel, hereby responds to Plaintiffs' Complaint. Answering Defendant generally and specifically deny each and every allegation in Plaintiffs' Complaint that is not specifically admitted to in this Answer.

## I. PRELIMINARY STATEMENT

1. Answering Paragraph 1 of Plaintiffs' Complaint, Answering Defendant admits that Mary Faith Casey was in the custody of Pima County Jail located in Tucson, Arizona prior to her death. To the extent this paragraph purports to allege a viable cause of action against Answering Defendant, those allegations are denied.

2. Answering Paragraphs 2 through 4 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

## II. SUMMARY

3. Answering Paragraph 5 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraph are denied.

4. Answering Paragraph 6 of Plaintiffs' Complaint, Answering Defendant admits only that on or around April 30, 2022, Ms. Casey was arrested and booked into Pima County Jail. As to the remaining allegations in said paragraph, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraph are denied.

5. Answering Paragraphs 7 through 12 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

6. Answering Paragraph 13 of Plaintiffs' Complaint, Answering Defendant admits only that Dr. Samaan evaluated Decedent on August 9, 2022. Answering Defendant denies that Dr. Samaan was "a NaphCare provider." Answering Defendant denies all other allegations contained in said paragraph. Answering Defendant denies all allegations of negligence or wrongdoing and demands strict proof thereof. Answering Defendant denies any breach of the standard of care and denies that any act or omission on his part, or for which he may be liable, caused or contributed to causing any injuries or damages compensable in this matter. Answering Defendant avers that he was, at all times pertinent

1  to the Complaint, in compliance with the standard of care.

2      7. Answering Paragraphs 14 through 17 of Plaintiffs' Complaint, Answering
3  Defendant is without sufficient knowledge as to the truth of the allegations contained
4  therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

### III. JURISDICTION AND VENUE

6      8. Answering Paragraph 18 of Plaintiffs' Complaint, Answering Defendant
7  admits only that the United States District Court for the District of Arizona Tucson
8  Division has jurisdiction over this matter.

9      9. Answering Paragraph 19 of Plaintiffs' Complaint, Answering Defendant
10 admits that venue is proper in this forum.

### IV. PARTIES

12     10. Answering Paragraphs 20 through 28 of Plaintiffs' Complaint, Answering
13 Defendant is without sufficient knowledge as to the truth of the allegations contained
14 therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

15     11. Answering Paragraph 29 of Plaintiffs' Complaint, Answering Defendant
16 admits only that, at all relevant times to this Complaint, Dr. Samaan was a medical doctor
17 with the authority to issue prescriptions. Answering Defendant denies all other allegations
18 contained in said paragraph. Answering Defendant denies all allegations of negligence or
19 wrongdoing and demands strict proof thereof. Answering Defendant denies any breach of
20 the standard of care and denies that any act or omission on his part, or for which he may
21 be liable, caused or contributed to causing any injuries or damages compensable in this
22 matter. Answering Defendant avers that he was, at all times pertinent to the Complaint, in
23 compliance with the standard of care.

24     12. Answering Paragraph 30 of Plaintiffs' Complaint, Answering Defendant is
25 without sufficient knowledge as to the truth of the allegations contained therein, therefore,
26 and upon that basis, the allegations of said paragraph are denied.

# V. FACTS

**A.     Mary Faith Casey's Background**

13.     Answering Paragraphs 31 through 44 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

**B.     Ms. Casey's 2022 Arrest and Initial Booking**

14.     Answering Paragraphs 45 through 51 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

**C.     Decline in the Jail Without Adequate Mental Health or Medical Care**

15.     Answering Paragraphs 52 through 74 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

**D.     Inability to Access Court or Counsel or Communicate with the Outside World**

16.     Answering Paragraphs 75 through 80 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

**E.     Hospitalization and Continuing Decline**

17.     Answering Paragraphs 81 through 92 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

18.     Answering Paragraph 93 of Plaintiffs' Complaint, Answering Defendant admits only that Dr. Samaan saw Ms. Casey for the first time on August 9, 2022, at which time, he was a duly licensed psychiatrist with prescribing authority.  To the extent the allegations of said paragraph mischaracterize Decedent's medical records, they are denied.  All other allegations of said paragraph are denied.

19.     Answering Paragraph 94 of Plaintiffs' Complaint, to the extent the allegations of said paragraph mischaracterize Decedent's medical records, they are denied.

All other allegations of said paragraph are denied.

20. Answering Paragraph 95 of Plaintiffs' Complaint, Answering Defendant denies all allegations of said paragraph. Answering Defendant denies all allegations of negligence or wrongdoing and demands strict proof thereof. Answering Defendant denies any breach of the standard of care and denies that any act or omission on his part, or for which he may be liable, caused or contributed to causing any injuries or damages compensable in this matter. Answering Defendant avers that he was, at all times pertinent to the Complaint, in compliance with the standard of care.

21. Answering Paragraphs 96 through 103 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

**F.     Court Appearance on August 16, 2022**

22. Answering Paragraphs 104 through 106 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

**G.     Discharge to Banner Hospital**

23. Answering Paragraphs 107 through 115 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

**H.     Final Days**

24. Answering Paragraphs 116 and 117 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

**I.     Ms. Casey's Pain, Suffering, and Losses**

25. Answering Paragraphs 118 through 120 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied. Answering Defendant denies any breach of the standard of care and denies that any act or

omission on his part, or for which he may be liable, caused or contributed to causing any injuries or damages compensable in this matter.

**J.     Losses to Plaintiffs Casey and Kepler**

26.     Answering Paragraphs 121 through 123 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

### VI.   THE SYSTEMS, POLICIES, PRACTICES, AND CUSTOMS THAT ENABLED MS. CASEY'S DEATH

27.     Answering Paragraphs 124 through 125 of Plaintiffs' Complaint, the allegations contained in said paragraphs do not pertain to Answering Defendant, so no response is required.  To the extent the allegations of said paragraphs are deemed to apply to Answering Defendant, the allegations are denied.

**A.     NaphCare Put Profits Over People, Conducting its Pima County Operations with a Dearth of Critical Leadership**

28.     Answering Paragraphs 126 through 132 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

**B.     NaphCare Knowingly and Recklessly Short-Staffed the Pima County Jail, Particularly for Mental Health Needs**

29.     Answering Paragraphs 133 through 139 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

**C.     NaphCare Maintained Policies, Practices, and Customs Not to Attend to Incoming Patients' Prescription Medication Needs**

30.     Answering Paragraphs 140 through 146 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

31.     Answering Paragraph 147 to Plaintiffs' Complaint, Answering Defendant

denies.

### D. NaphCare Maintained Policies, Practices, and Customs Not to Request or Review Medical Records

32. Answering Paragraphs 148 and 149 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

### E. NaphCare Maintained Policies, Practices, and Customs that Otherwise Fell Below Contractual and External Standards

33. Answering Paragraphs 150 and 151 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

### F. Despite Clear Warning Signs, Pima County Continued to Entrust NaphCare with the Critical Task of Providing Jail Medical and Mental Health Care

34. Answering Paragraphs 152 through 158 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

### G. Sheriff Nanos Knew the Aforementioned Policies were "Life Threatening" But Failed to Take Available Action

35. Answering Paragraphs 159 through 161 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

## VII. PUNITIVE DAMAGES

36. Answering Paragraphs 162 and 163 of Plaintiffs' Complaint, Answering Defendant denies allegations of said paragraphs insofar as they pertain to Dr. Samaan.

## VIII. CERTIFICATION REGARDING EXPERT OPINION FOR MEDICAL MALPRACTICE CLAIM

37. Answering Paragraph 164, Answering Defendant certifies that Plaintiffs must satisfy the statutory requirements of A.R.S. §§ 12-2603, 12-2604.

## IX.  CLAIMS FOR RELIEF

**Count I: Against Defendant NaphCare, 42 U.S.C. § 1983** (Constitutionally Deficient Medical and Mental Health Care, Denial of Access to Counsel and Courts, and Denial of Speech and Association Rights in Violation of the United States Constitution)

38.    Answering Paragraphs 165 through 170 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

**Count II: Also Against Defendant NaphCare, A.R.S. § 12-562** (Medical Malpractice)

39.    Answering Paragraphs 171 through 173 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

**Count III: Also Against Defendant NaphCare, A.R.S. § 12-611** (Wrongful Death)

40.    Answering Paragraphs 174 through 175 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

**Count IV: Against Individual Medical Defendants, 42 U.S.C. § 1983** (Constitutionally Deficient Medical and Mental Health Care in Violation of the United States Constitution, Fourteenth Amendment)

41.    Answering Paragraph 176, Answering Defendant denies all allegations of said paragraph.  Answering Defendant denies that he was acting under color of law. Answering Defendant denies all allegations of negligence or wrongdoing and demands strict proof thereof.  Answering Defendant denies any breach of the standard of care and denies that any act or omission on his part, or for which he may be liable, caused or contributed to causing any injuries or damages compensable in this matter.  Answering Defendant avers that he was, at all times pertinent to the Complaint, in compliance with the standard of care.

**Count V: Also Against Individual Medical Defendants, A.R.S. § 12-562** (Medical Malpractice)

42. Answering Paragraphs 177 and 178, Answering Defendant denies all allegations of said paragraphs. Answering Defendant denies all allegations of negligence or wrongdoing and demands strict proof thereof. Answering Defendant denies any breach of the standard of care and denies that any act or omission on his part, or for which he may be liable, caused or contributed to causing any injuries or damages compensable in this matter. Answering Defendant avers that he was, at all times pertinent to the Complaint, in compliance with the standard of care.

**Count VI: Also Against Individual Medical Defendants, A.R.S. § 12-611** (Wrongful Death)

43. Answering Paragraphs 179 and 180, Answering Defendant denies all allegations of said paragraphs. Answering Defendant denies all allegations of negligence or wrongdoing and demands strict proof thereof. Answering Defendant denies any breach of the standard of care and denies that any act or omission on his part, or for which he may be liable, caused or contributed to causing any injuries or damages compensable in this matter. Answering Defendant avers that he was, at all times pertinent to the Complaint, in compliance with the standard of care.

**Count VII: Against Defendant Pima County, 42 U.S.C. § 1983** (Constitutionally Deficient Medical and Mental Health Care in Violation of the United States Constitution, Fourteenth Amendment)

44. Answering Paragraph 181 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraphs are denied.

**Count VIII: Also Against Defendant Pima County, 42 U.S.C. § 1983** (Violation of the Doctrine of Unconstitutional Conditions, Right of Access to Counsel and Court: U.S. Constitution, First and Fourteenth Amendments)

45. Answering Paragraph 182 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraph are denied.

**Count IX: Against Defendant Chris Nanos 42 U.S.C. § 1983** (Constitutionally Deficient Medical and Mental Health Care in Violation of the United States Constitution, Fourteenth Amendment)

46. Answering Paragraph 183 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraph are denied.

**Count X: Also Against Defendant Chris Nanos, 42 U.S.C. § 1983** (Violation of the Doctrine of Unconstitutional Conditions, Right of Access to Counsel and Court: U.S. Constitution, First and Fourteenth Amendments)

47. Answering Paragraph 184 of Plaintiffs' Complaint, Answering Defendant is without sufficient knowledge as to the truth of the allegations contained therein, therefore, and upon that basis, the allegations of said paragraph are denied.

## X.  JURY DEMAND

48. Answering Paragraph 185 of Plaintiffs' Complaint, Answering Defendant also demands a trial by jury.

## XI.  REQUEST FOR RELIEF

49. Answering Paragraphs 186 through 193 of Plaintiffs' Complaint, Answering Defendant denies all allegations of negligence or wrongdoing and demands strict proof thereof.  Answering Defendant denies any breach of the standard of care and denies that any act or omission on his part, or for which he may be liable, caused or contributed to causing any injuries or damages compensable in this matter.  Answering Defendant avers that he was, at all times pertinent to the Complaint, in compliance with the standard of care.

## AFFIRMATIVE DEFENSES

50. Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

51. Answering Defendant denies each and every, all and singular, of the allegations of Plaintiffs' Complaint not specifically herein admitted, denied, or qualified.

52. Plaintiffs' alleged injuries or damages may have been caused, or contributed to, by the fault of other party or non-party persons or entities, such that Answering

Defendant reserves the right to seek an allocation of fault against such individuals or entities pursuant to A.R.S. § 12-2506 et seq.

53. Plaintiffs' alleged damages may be as a result of care rendered by other individuals and/or entities beyond Answering Defendant's control. This may include other healthcare providers that provided care and treatment before and/or after the care by Answering Defendant. Answering Defendant is entitled to have liability apportioned under A.R.S. § 12-2501 in the event any liability is found by the jury. See A.R.S. §§ 12-2501 through -2509.

54. The injuries or damages for which compensation is sought were directly and proximately caused or contributed to by comparative/contributory fault. The comparative/contributory fault should be imputed to any plaintiff and beneficiary, if any, and acts to reduce or bar recovery herein.

55. The injuries or damages for which compensation is sought were caused or contributed to by a failure to undertake reasonable measures to mitigate said injuries and damages. The failure to mitigate damages should be imputed to any plaintiff and beneficiary, if any, and acts to reduce or bar recovery herein.

56. The injuries or damages for which compensation is sought were directly and proximately caused or contributed to by risks that were well, truly, and actually known and that were knowingly and voluntarily accepted and assumed. The assumption of the risk should be imputed to any plaintiff or beneficiary, if any, and acts to reduce or bar recovery herein.

57. Plaintiffs are required to prove that Answering Defendants failed to exercise that degree of care, skill, and learning expected of a reasonable, prudent physician within the State, acting in the same or similar circumstances, and that failure to do so was the proximate cause of the injuries or damages sustained by Plaintiffs, pursuant to § 12-563.

58. Answering Defendant affirmatively alleges that the alleged injuries herein may be the result of pre-existing injuries or medical conditions unrelated to those alleged to have occurred in the subject incident which bar recovery or reduce recovery herein.

59. Plaintiffs have failed to state a claim for deliberate indifference against Dr. Samaan. Dr. Samaan was not deliberately indifferent to the Decedent.

60. Answering Defendant is a licensed provider of health care and health-related services, such that A.R.S. § 12-561 et seq. and A.R.S. § 12-2603 et seq. apply to this action; Plaintiffs' failure to comply with governing law mandates dismissal of their claims.

61. Plaintiffs have failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a constitutional violation.

62. Dr. Samaan may be entitled to qualified immunity.

63. To avoid waiver, Answering Defendant reserves the right to assert any and all affirmative defenses set forth in Rule 8(c), 9(i), and 12(b) of the Fed. R. Civ. P. if discovery reveals a good faith basis to support said defenses.

64. Answering Defendant is entitled, pursuant to A.R.S. § 12-341.01, et seq., to recover appropriate sanctions, including, but not limited to, attorneys' fees incurred in defending against certain of Plaintiffs' claims.

WHEREFORE, Answering Defendant, having fully answered Plaintiffs' Complaint, asks that the Complaint be dismissed, and that he be awarded his costs and such other relief as the Court deems proper.

RESPECTFULLY SUBMITTED this day _____22nd_____ of August, 2024.

**SANDERS & PARKS, P.C.**

By: _____
J. Arthur Eaves
Robert O. Beardsley
3030 North Third Street, Suite 1300
Phoenix, AZ  85012
Attorneys for Defendant
John Samaan, M.D.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2024, I electronically transmitted Defendant John Samaan, M.D.'s Answer to Plaintiffs' Complaint to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

Andrea R. Woods (*pro hac vice*)
**BUDGE & HEIPT, PLLC**
808 East Roy Street
Seattle, WA 98102
E-mail: andrea@budgeandheipt.com
Attorney for Plaintiffs

Joey A. Flynn
**PIMA COUNTY ATTORNEY'S OFFICE**
32 North Stone Ave., 21st Floor
Tucson AZ 85701
E-mail: Joey.flynn@pcao.pima.gov
Attorney for Defendants Pima County, Arizona and Chris Nanos

Rachelle E. Sanchez
**LIGHTFOOT FRANKLIN AND WHITE, LLC**
400 20th St., North
Birmingham, AL 35203
E-mail: rsanchez@lightfootlaw.com
Attorney for Defendants Naphcare, Inc., Mikell Karsten, Leo Easley, Jason Chamberlain, and Matthew Woods

By: cs