**LAURA CONOVER**
**PIMA COUNTY ATTORNEY**
**CIVIL DIVISION**
Joey Flynn, SBN 015430
Deputy County Attorney
Joey.Flynn@pcao.pima.gov
Rebecca K. O'Brien, SBN 021954
Deputy County Attorney
Rebecca.Obrien@pcao.pima.gov
Tyler Campman, SBN 036416
Deputy County Attorney
Tyler.Campman@pcao.pima.gov
32 North Stone Avenue, Suite 2100
Tucson, Arizona 85701
Telephone: 520-724-5700
*Attorney for Defendants Pima County and*
   *Chris Nanos*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| The Estate of Mary Faith Casey a/k/a Mary Hutchinson, by and through its Co-Personal Representatives, Karina Kepler and Carlin Casey; Karina Kepler, an individual; and Carlin Casey, an individual,<br><br>                    Plaintiffs,<br><br>vs.<br><br>NaphCare, Inc., an Alabama corporation; Pima County, Arizona; Chris Nanos, in his official capacity as Pima County Sheriff; Jason Chamberlain, R.N., in his individual capacity; Leo Easley, N.P., in his individual capacity; Mikell Karsten, M.D., in his individual capacity; John Samaan, M.D., in his individual capacity; and Matthew Woods, M.H.P., in his individual capacity,<br><br>                    Defendants. | No. 4:24-cv-00220-AMM<br><br>**COUNTY DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |

1    Defendants Pima County and Chris Nanos ("Nanos") (collectively "County
2    Defendants"), through undersigned counsel, and for themselves only, for their answer to
3    Plaintiffs' Complaint ("Complaint") [Doc. 1], admit, deny, and affirmatively allege as
4    follows in response to only the allegations asserted against them:

## I.    PRELIMINARY STATEMENT

6    1.    Admit Mary Faith Casey ("Decedent") was confined in the Pima County
7    Adult Detention Complex ("Jail") and deny that that there is a viable cause of action against
8    County defendants and therefore, deny.

9    2.    Deny the allegations insofar as they are asserted against County Defendants.
10   County Defendants lack knowledge or information sufficient information to form a belief
11   about the truth of the remaining allegations about Decedent and therefore, deny.

12   3.    To the extent Paragraph 3 asserts access to court and counsel claims, those
13   claims were dismissed by the court; therefore, no answer is required. (Doc. 74). Deny the
14   remaining allegations asserted against County Defendants.

15   4.    Admit only that Defendant Pima County contracted with NaphCare
16   beginning in September of 2021 to provide healthcare services at the Jail and deny the
17   remaining allegations asserted against County Defendants. County Defendants lack
18   knowledge or information sufficient information to form a belief about the truth of the
19   allegations regarding Plaintiffs' alleged motivations for filing this lawsuit and regarding
20   NaphCare.

## II.    SUMMARY

22   5.    No response is required to the first two sentences of paragraph 5, as they are
23   not directed to any Defendant. County Defendants deny all remaining allegations.

24   6.    Admit only that Decedent was arrested and booked into the Jail on April 30,
25   2022. To the extent that Paragraph 6 misstates, mischaracterizes, or takes out of context
26   medical or jail records, those allegations are denied. County Defendants lack knowledge

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

or information sufficient information to form a belief about the truth of the remaining allegations concerning Decedent's arrest and therefore, deny same.

7. Admit only that Decedent was incarcerated in 2021. To the extent that Paragraph 6 misstates, mischaracterizes or takes medical or jail records out of context, those allegations are denied. County Defendants lack knowledge or information sufficient information to form a belief about the truth of the remaining allegations which appear to be directed at NaphCare and therefore, deny same.

8. County Defendants admit that individual custody staff noticed that decedent refused food on at least one occasion. To the extent that Paragraph 6 misstates, mischaracterizes or takes medical or jail records out of context, those allegations are denied. County Defendants lack knowledge or information sufficient information to form a belief about the truth of the remaining allegations and therefore, deny same.

9. To the extent that Paragraph 9 misstates, mischaracterizes or takes medical or jail records out of context, those allegations are denied. County Defendants lack knowledge or information sufficient information to form a belief about the truth of the remaining allegations in Paragraph 9 and therefore, deny same.

10. Deny the allegations insofar as they are asserted against County Defendants. To the extent that Paragraph 10 misstates, mischaracterizes or takes medical or jail records out of context, those allegations are denied. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 10 and therefore, deny same.

11. To the extent that Paragraph 11 misstates, mischaracterizes or takes medical or jail records out of context, those allegations are denied. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 11 and therefore, deny same.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

12.    Deny that Decedent was released "to die."   Admit that Decedent was hospitalized three times during her Jail confinement. To the extent that Paragraph 12 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 12 and therefore, deny same.

13.    The allegations in Paragraph 13 do not appear to be pled against County Defendants; therefore, no response is required.

14.    To the extent that Paragraph 14 contains allegations against County defendants, those allegations are denied.  To the extent Paragraph 14 alleges access to court or counsel claims, those claims were dismissed by the court; thus, no response is required. [Doc. 14.]   County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 14, and therefore deny same.

15.    Admit only that Decedent was released from Jail custody on August 18, 2022.  To the extent that Paragraph 15 misstates mischaracterizes or takes out of context court, medical, or jail records, those allegations are denied.  County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 15 and therefore, deny same.

16.    Admit only that Decedent was released from Jail custody on August 18, 2022. To the extent that Paragraph 6 misstates, mischaracterizes or  takes out of context medical or jail records, those allegations are denied. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 16 and therefore, deny same.

17.    Admit only that Pima County contracted with NaphCare to provide healthcare services at the Jail during Decedent's 2022 incarceration. Affirmatively allege that the October 2022 contract renewal with NaphCare was for up to $63,870.32315, which covered a period of three years. County Defendants are without sufficient information to

form a belief about the truth of the remaining allegations in Paragraph 17 and therefore, deny same.

### III.    JURISIDICTION AND VENUE

18.    Admit.

19.    Admit.

### IV.    PARTIES

20.    Admit only that Decedent was incarcerated from April 30, 2022 to August 18, 2022. County Defendants deny the remaining allegations against them and deny that Decedent was a pre-trial detainee and the applicability of the Fourteenth Amendment. County Defendants are otherwise without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 20 and therefore, deny same.

21.    County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 21 and therefore, deny same.

22.    County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 22 and therefore, deny same.

23.    Admit that Pima County entered into an emergency contract with NaphCare to provide healthcare at the Jail beginning in September of 2021 and a new three-year contract was awarded to NaphCare in October 2022. To the extent that Paragraph 23 misstates, mischaracterizes, or takes out of context the contract terms, those allegations are denied.  The remainder of Paragraph 23 is not pled against County Defendants; therefore, no response is required.

24.     Admit that Pima County is a jural governmental entity.  Deny that Pima County was responsible for training and supervision of custodial Jail employees or adopting, implementing, and enforcing Jail policies.  Admit that Pima County is responsible for the provision of healthcare at the Jail. County Defendants deny the remaining allegations in Paragraph 24.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

25.     Admit that Nanos is the elected Sheriff of Pima County, and that the Sheriff must "take charge of and keep the county jail."  County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 25 and therefore, deny same.

26.     Paragraph 26 is not pled against County Defendants; therefore, no response is required.  To the extent an answer is required, deny.

27.     Paragraph 27 is not pled against County Defendants; therefore, no response is required.  To the extent an answer is required, deny.

28.     Paragraph 28 is not pled against County Defendants; therefore, no response is required.  To the extent an answer is required, deny.

29.     Paragraph 29 is not pled against County Defendants; therefore, no response is required.  To the extent an answer is required, deny.

30.     Paragraph 30 is not pled against County Defendants; therefore, no response is required. To the extent an answer is required, deny.

### V.    FACTS

31.     County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 31 and therefore, deny same.

32.     County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 32 and therefore, deny same.

33.     County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 33 and therefore, deny same.

34.     County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 34 and therefore, deny same.

35.     County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 35 and therefore, deny same.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

36.    County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 36 and therefore, deny same.

37.    County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 37 and therefore, deny same.

38.    County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 38 and therefore, deny same.

39.    County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 39 and therefore, deny same.

40.    Admit that Decedent received medical and mental health care during her 2021 incarceration and that NaphCare was not the Jail's healthcare provider in 2021. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 40 and therefore, deny same.

41.    County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 41 and therefore, deny same.

42.    County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 42 and therefore, deny same.

43.    County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 43 and therefore, deny same.

44.    County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 44 and therefore, deny same.

45.    County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 45 and therefore, deny same.

46.    Paragraph 46 does not contain allegations against County Defendants; therefore, no response is required. To the extent an answer is required, deny.

47.    Paragraph 47 does not contain allegations against County Defendants; therefore, no response is required. To the extent an answer is required, deny.

48.     Paragraph 48 does not contain allegations against County Defendants; therefore, no response is required. To the extent an answer is required, deny.

49.     Paragraph 49 does not contain allegations against County Defendants; therefore, no response is required. To the extent an answer is required, deny.

50.     Paragraph 50 does not contain allegations against County Defendants; therefore, no response is required. To the extent an answer is required, deny.

51.     Paragraph 51 does not contain allegations against County Defendants; therefore, no response is required. To the extent an answer is required, deny.

52.     To the extent that Paragraph 52 misstates or mischaracterizes medical or jail records, those allegations are denied. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 11 and therefore, deny same.

53.      Admit that on May 21, 2022, Decedent did not collect a dinner tray and that other inmates informed Jail custody staff that Decedent had not eaten breakfast or lunch. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 53 and therefore, deny same.

54.     County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 54 and therefore, deny same.

55.     Paragraph 55 does not contain allegations against County Defendants; therefore, no response is required. To the extent an answer is required, deny.

56.     Paragraph 56 does not contain allegations against County Defendants; therefore, no response is required. To the extent an answer is required, deny.

57.      To the extent Paragraph 57 makes allegations against any County Defendants, County Defendants are without sufficient knowledge to form a belief as to their truth or falsehood and therefore, they are denied.

58.    Paragraph 58 does not contain allegations against County Defendants; therefore, no response is required. To the extent an answer is required, deny.

59.    Admit only that corrections staff reported instances of decedent not eating. The remaining allegations in Paragraph 59 are not directed towards County Defendants and therefore, no response is required. To the extent a response is required, deny.

60.    Paragraph 60 does not contain allegations against County Defendants; therefore, no response is required.

61.    Paragraph 51 does not contain allegations against County Defendants; therefore, no response is required.

62.    Admit only that decedent refused dayroom on several occasions throughout June and July. The remainder of Paragraph 62 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

63.    Admit that Jail records indicate corrections staff recorded decedent "ha[d] not been observed eating" and had been "completely inactive in [her] cell." The remaining allegations in Paragraph 63 are not directed towards County Defendants and therefore, no response is required. To the extent a response is required, deny.

64.    Admit only that Jail staff relayed concerns regarding decedent's inactivity and not eating to NaphCare staff. The remaining allegations in Paragraph 64 are not directed towards County Defendants and therefore, no response is required. To the extent a response is required, deny.

65.    Upon information and belief, admit a correctional officer reported that they were concerned about Decedent.  Otherwise, County Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 65 and therefore, they are denied.

66.    Paragraph 66 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

67.    Paragraph 67 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

68.    Admit only that on July 17, 2022, Decedent had been in custody for 78 days and that she was released from custody on August 18, 2022.  The remainder of Paragraph 69 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

69.    Admit only that correctional officers occasionally noted that decedent was giving her food to cellmates. The remainder of Paragraph 69 contains Plaintiffs' characterizations regarding that fact and therefore, no response is required. To the extent a response is required, deny.

70.    Paragraph 70 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

71.    Paragraph 71 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

72.    Admit only that corrections staff noted that decedent had been refusing food and related those concerns to a NaphCare employee. County Defendants are without knowledge to form an opinion as to the truthfulness of the remaining allegations in Paragraph 72 and therefore, deny same.

73.    Paragraph 70 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

74.    Admit that records indicate decedent refused food and various services. Deny remaining allegations against County Defendants.

75.    The Court dismissed Plaintiffs' access to court and counsel claims; therefore, no response is required to Paragraph 75. [Doc. 74.] To the extent that Paragraph 75 pertains to any remaining claim, deny.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

76.     The Court dismissed Plaintiffs' access to court and counsel claims; therefore, no response is required to Paragraph 76. [Doc. 74.] To the extent that Paragraph 75 pertains to any remaining claim, deny.

77.     The Court dismissed Plaintiffs' access to court and counsel claims; therefore, no response is required to Paragraph 77. [Doc. 74.] To the extent that Paragraph 75 pertains to any remaining claim, deny.

78.     The Court dismissed Plaintiffs' access to court and counsel claims; therefore, no response is required to Paragraph 78. [Doc. 74.] To the extent that Paragraph 75 pertains to any remaining claim, deny.

79.     The Court dismissed Plaintiffs' access to court and counsel claims; therefore, no response is required to Paragraph 78. [Doc. 74.] To the extent that Paragraph 75 pertains to any remaining claim, deny. County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 79 regarding Decedent's ability to communicate and therefore, deny same.

80.     Deny.

81.     Admit only that Decedent was hospitalized three times during her 2022 incarceration, that the first hospitalization was on August 4, 2022, and that by August 4, 2022, Decedent had been in custody for 96 days. Deny that Decedent "was discharged…to die." To the extent that Paragraph 81 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. The remaining allegations in paragraph 81 are not directed at County Defendants; therefore, no response is required. To the extent the Court requires a response, deny.

82.     Admit only that records indicate that on August 4, 2022, corrections staff indicated to medical staff that decedent pointed to her throat but did not speak. To the extent that Paragraph 82 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. The remaining allegations in Paragraph 82 are not

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

1    directed towards County Defendants and therefore, no response is required. To the extent
2    the Court requires a response, deny.

3        83.    Admit only that on August 4, 2022, Officer Lacaillade spoke to mental health
4    staff and expressed concern for decedent's wellbeing. To the extent that Paragraph 83
5    misstates, mischaracterizes or takes out of context medical or jail records, those allegations
6    are denied. The remainder of Paragraph 83 does not contain allegations against County
7    Defendants; therefore, no response is required. To the extent a response is required, deny.

8        84.    Paragraph 84 does not contain allegations against County Defendants;
9    therefore, no response is required. To the extent a response is required, deny.

10        85.    Admit only that Decedent was booked into the Jail on April 30, 2022. To the
11    extent that Paragraph 85 misstates, mischaracterizes or takes out of context medical or jail
12    records, those allegations are denied.  The remainder of Paragraph 85 does not contain
13    allegations against County Defendants; therefore, no response is required. To the extent a
14    response is required, deny.

15        86.    To the extent that Paragraph 86 misstates, mischaracterizes or takes out of
16    context medical or jail records, those allegations are denied. Paragraph 86 does not
17    otherwise contain allegations against County Defendants; therefore, no response is
18    required. To the extent a response is required, deny.

19        87.    To the extent that Paragraph 87 misstates, mischaracterizes or takes out of
20    context medical or jail records, those allegations are denied. Paragraph 87 does not
21    otherwise contain allegations against County Defendants; therefore, no response is
22    required. To the extent a response is required, deny.

23        88.    Admit only that decedent cried during the night of August 6, 2022. The
24    remaining allegations in Paragraph 88 are not directed towards County Defendants,
25    therefore, no response is required. The remainder of Paragraph 88 does not contain
26

allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

89.    Admit that on August 7, 2022, Decedent had been in custody for 99 days. To the extent that Paragraph 89 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. The remainder of Paragraph 89 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

90.    Admit only that Decedent was taken to St. Mary's Hospital on August 8, 2022.  To the extent that Paragraph 90 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. The remainder of Paragraph 90 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

91.    To the extent that Paragraph 91 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied.  Paragraph 91 does not otherwise contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

92.    Admit only that on August 9, 2022, Decedent had been in custody for 101 days.  To the extent that Paragraph 92 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied.  The remainder of Paragraph 92 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

93.    Admit only that on August 9, 2022, Decedent had been in custody for 101 days.  To the extent that Paragraph 93 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied.  Paragraph 93 does not otherwise contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

94.    Paragraph 94 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

95.    Paragraph 95 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

96.    Paragraph 96 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

97.    To the extent that Paragraph 97 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied.  Paragraph 97 does not otherwise contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

98.    Admit only that Decedent was transferred to the hospital on August 11, 2022. The remainder of Paragraph 98 either alleges access to court and counsel, claims which the Court dismissed [Doc. 74] or otherwise does not contain allegations not directed to the County Defendants; therefore, no response is required. To the extent a response is required, deny.

99.    To the extent that Paragraph 99 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied.  Paragraph 99 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

100.    To the extent Paragraph 100 pertains to Plaintiffs' access to court and counsel claims which were dismissed by the Court [Doc 74], no response is required. To the extent Paragraph 100 contains allegations remaining against the County Defendants, those allegations are denied. Otherwise, the allegations in Paragraph 100 are not directed at County Defendants and no response is required. To the extent a response is required, deny.

101.    Admit only that Decedent returned to the Jail on August 12, 2022. To the extent that Paragraph 101 misstates, mischaracterizes or takes out of context medical or

1    jail records, those allegations are denied.  The remainder of the allegations Paragraph 101

2    are not directed at County Defendants; therefore, no response is required. To the extent a

3    response is required, deny.

4         102.    To the extent that Paragraph 102 misstates, mischaracterizes or takes out of

5    context medical or jail records, those allegations are denied.  Paragraph 102 does not

6    otherwise contain allegations against County Defendants; therefore, no response is

7    required. To the extent a response is required, deny.

8         103.    To the extent that Paragraph 103 misstates, mischaracterizes or takes out of

9    context medical or jail records, those allegations are denied.  Paragraph 103 does not

10   otherwise contain allegations against County Defendants; therefore, no response is

11   required. To the extent a response is required, deny.

12        104.    Admit only that on August 16, 2022, Decedent had been in custody for 108

13   days. To the extent that the remainder of Paragraph 104 pertains to Plaintiffs' court and

14   counsel claims, no response is required because those claims were dismissed by the Court.

15   [Doc. 74.] To the extent a response is required, deny.

16        105.    Admit only that on August 16, 2022, Decedent attended court.  To the extent

17   that the remainder of Paragraph 105 pertains to Plaintiffs' court and counsel claims, no

18   response is required because those claims were dismissed by the Court. [Doc. 74.] County

19   Defendants are without sufficient information to form a belief about the truth of the

20   remaining allegations in Paragraph 105 and therefore, deny same.

21        106.    County Defendants are without sufficient information to form a belief about

22   the truth of the allegations regarding Decedent's family's attempts to contact her while

23   Decedent was in Jail; therefore, County Defendants deny same. Any remaining allegations

24   directed at County Defendants are denied.

25        107.    Admit only that August 17, 2022 was Decedent's last full day of her 2022

26   incarceration at the Jail. To the extent that Paragraph 107 misstates, mischaracterizes or

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

takes out of context medical or jail records, those allegations are denied. County Defendants deny any remaining allegations.

108.    Admit only that Decedent was released from Jail on August 18, 2022 and by August 18, 2022, Decedent had been in custody for 110 days. To the extent that Paragraph 108 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. The remainder of Paragraph 108 contains no allegations against County Defendants; therefore, no response is required. County Defendants deny any remaining allegations.

109.    County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 109 and therefore, deny same.

110.    To the extent that Paragraph 108 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. County Defendants are otherwise without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 110 and therefore, deny.

111.    To the extent that Paragraph 111 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. County Defendants are otherwise without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 111 and therefore, deny.

112.    County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 112 and therefore, deny same.

113.    County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 113 and therefore, deny same.

114.    County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 114 and therefore, deny same.

115.    County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 115 and therefore, deny same.

116.     County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 116 and therefore, deny same.

117.     Admit only that Decedent died on October 6, 2022.  County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 117 and therefore, deny same.

118.     County Defendants deny allegations as to themselves. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 118 and therefore, deny same.

119.     County Defendants deny allegations as to themselves. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 119 and therefore, deny same.

120.     Deny as to Ms. Casey's hospitalizations in Tucson, Arizona during 2022. County Defendants are otherwise without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 120 and therefore, deny same.

121.     County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 121 and therefore, deny same.

122.     County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 122 and therefore, deny same.

123.     County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 123 and therefore, deny same.

## VI.    ALLEGATIONS REGARDING SYSTEMS, POLICIES, PRACTICES AND CUSTOMS

124.     Deny.

125.     Paragraph 125 is not alleged against County Defendants; therefore, no response is required. To the extent a response is required, deny.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

126.    County Defendants admit only that it contracted with NaphCare beginning in September 2021 and deny the remaining allegations in Paragraph 126, including the characterization of the contract amount.

127.    County Defendants admit that Pima County first contracted with NaphCare on an emergency basis and without a bidding process and admit that NaphCare was involved in a $700,000 settlement that involved allegations of fraud, but County Defendants are otherwise without knowledge to form a belief of the truthfulness of the remaining allegations and characterizations in Paragraph 127 and therefore, deny.

128.    To the extent that Paragraph 128 misstates, misconstrues, or incorrectly paraphrases the terms of Pima County's contract(s) with NaphCare, County Defendants deny Paragraph 128. County Defendants are otherwise without information sufficient to form a belief of the truth of the remaining allegations in Paragraph 128 and therefore, deny.

129.    County Defendants admit only that Administrator Lesher authored a memo dated November 7, 2023. However, to the extent Paragraph 129 misstates, misconstrues, incorrectly paraphrases, and/or takes out of context the November 2023 memo, County Defendants deny. The remaining allegations are not directed at County Defendants; therefore, no response is required. To the extent a response is required, deny.

130.    County Defendants admit only that Administrator Lesher authored a memo dated November 7, 2023. However, to the extent Paragraph 130 misstates, misconstrues, incorrectly paraphrases, and/or takes out of context the November 2023 memo, County Defendants deny. The remaining allegations are not directed at County Defendants; therefore, no response is required. To the extent a response is required, deny.

131.    Paragraph 131 is not directed to County Defendants; therefore, no response is required. To the extent a response is required, deny.

132.    Paragraph 132 is not directed to County Defendants; therefore, no response is required. To the extent a response is required, deny.

133.   Paragraph 133 is not directed to County Defendants; therefore, no response is required. To the extent a response is required, deny.

134.   Admit only that Pima County had a contract with NaphCare. Deny allegations regarding Pima County's contract with NaphCare that are misstated, misconstrued, or taken out of context. County Defendants are without information to form a belief about the truth of the remaining allegations in Paragraph 134 against NaphCare and therefore, deny.

135.   Admit only Pima County contracted with NaphCare to provide healthcare at the Jail.  Deny that Nanos agreed to allow NaphCare to become the Jail's healthcare provider. Deny and affirmatively allege that Jail population numbers vary.  To the extent that Paragraph 135 misstates, misconstrues, or incorrectly paraphrases the terms of Pima County's contract(s) with NaphCare, Paragraph 135 is denied. County Defendants deny remaining allegations against them and are without information to form a belief about the truth of the remaining allegations in Paragraph 135 against NaphCare and therefore, deny same.

136.   Paragraph 136 is not alleged against County Defendants; therefore, no response is required. To the extent a response is required, deny.

137.   Paragraph 137 is not alleged against County Defendants; therefore, no response is required. To the extent a response is required, deny.

138.   Admit only that Pima County audits NaphCare's performance of the contract. that there are financial consequences for performance deficiencies, and that Pima County assessed financial consequences to NaphCare.  To the extent that Paragraph 138 misstates, misconstrues, or incorrectly paraphrases the Pima County's audits, those allegations and the remaining allegations are denied.

139.   County Defendants deny as to themselves.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

140.    Admit only that NaphCare is contractually obligated to adhere to NCCHC Standards.    The remainder of Paragraph 140 makes no allegations against County Defendants; therefore, no response is required.

141.    Admit that the NCCHC is correctly quoted, but to the extent that Paragraph 141 misstates, misconstrues, or mischaracterizes the NCCHC standards, deny. County Defendants are without information to form a belief as to the truth of the remaining allegations in Paragraph 141 and therefore, deny same.

142.    Paragraph 142 makes no allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

143.    Paragraph 143 makes no allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

144.    Deny the first sentence of Paragraph 144.  County Defendants are without information to form a belief as to the truth of the remaining allegations in Paragraph 144 and therefore, deny same.

145.    Deny.

146.    Admit that contract is correctly quoted, but to the extent that Paragraph 146 misstates, misconstrues, or removes context, deny. County Defendants are without information to form a belief as to the truth of the remaining allegations in Paragraph 146 and therefore, deny same.

147.    Paragraph 147 makes no allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

148.    Admit only that NaphCare is contractually obligated to adhere to NCCHC Standards. The remainder of Paragraph 148 makes no allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

149.    To the extent that Paragraph 149 misstates, misconstrues, or mischaracterizes Pima County's contract with NaphCare, those allegations are denied. The remainder of

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

Paragraph 149 makes no allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

150.    Admit only that NaphCare was required by contract is correctly quoted. However, to the extent that Paragraph 150 misstates, misconstrues, or mischaracterizes Pima County's contract with NaphCare, those allegations are denied. The remaining allegations in Paragraph 150 are not against County Defendants; therefore, no response is required. To the extent a response is required, deny.

151.    The court dismissed Plaintiffs' *Monell* allegations regarding the tracking of court competency orders [Doc. 74]; therefore, no response is required.

152.    Admit only that Pima County, not Nanos, contracted with NaphCare to provide healthcare services at the Jail and that Pima County was aware of the allegations against NaphCare involved in NaphCare's $700,000 settlement. County Defendants deny the remaining allegations against them.   County Defendants are also without sufficient information to form a belief about the truth regarding NaphCare's alleged prioritization of profitability.

153.    Admit only that Pima County's contract with NaphCare imposed financial consequences for failing to meet certain staffing levels, performance indicators, and business requirements and that consequences were imposed upon NaphCare.   County Defendants deny the remaining allegations in Paragraph 153.

154.    Deny.

155.    Admit only that County Defendants were aware of inmate Jail deaths in 2022 and deny the remaining allegations in Paragraph 155.

156.    Admit only that NaphCare was awarded a new contract after a bidding process in 2022 and that Pima County relied, in part, on NaphCare's NCCHC's accreditation. County Defendants lack information to form a belief as to the truth of the

allegations regarding the County's insurance broker. County Defendants deny the remaining allegations against them in Paragraph 156..

157.    Paragraph 157 makes no allegations against County Defendants; therefore, no response is required.

158.    Paragraph 158 calls for a legal conclusion; thus, no response is required. To the extent a response is required, County Defendants deny.

159.    To the extent that Paragraph 159 misstates, misconstrues, or mischaracterizes Nanos' statements, those allegations are denied. Paragraph 159 makes no allegations against Pima County Defendants; therefore, Pima County is not required to respond. To the extent a response is required, deny.

160.    Deny.

161.    Paragraph 161 calls for a legal conclusion; thus, no response is required. To the extent a response is required, County Defendants deny.

## VII.    PUNITIVE DAMAGES

162.    Paragraph 162 makes no allegations against County Defendants; therefore, no response is required.

163.    Deny.

164.    Paragraph 164 makes no allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

## X. CLAIMS FOR RELIEF

165.    Admit only that NaphCare was contractually obligated to provide healthcare at the Jail during Decedent's 2022 incarceration. Deny that the Fourteenth Amendment applies to Decedent. Otherwise, Count I, Paragraphs 165 through 170, are not pleaded against County Defendants; therefore, not response is required to Paragraph 165. To the extent a response is required, deny.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

166.    Count I and Paragraph 166 are not pleaded against County Defendants; therefore, not response is required. To the extent a response is required, deny.

167.    Count I and Paragraph 167 are not pleaded against County Defendants; therefore, not response is required. To the extent a response is required, deny.

168.    Count I and Paragraph 168 are not pleaded against County Defendants; therefore, not response is required. To the extent a response is required, deny.

169.    Count I and Paragraph 169 are not pleaded against County Defendants; therefore, not response is required. To the extent a response is required, deny.

170.    Count I and Paragraph 170 are not pleaded against County Defendants; therefore, not response is required. To the extent a response is required, deny.

171.    Count II, Paragraph 171, are not pleaded against County Defendants; therefore, no response is required to Paragraph 171. To the extent a response is required, deny.

172.    Count II and Paragraph 172, are not pleaded against County Defendants; therefore, no response is required. To the extent a response is required, deny.

173.    Count II and Paragraph 173, are not pleaded against County Defendants; therefore, no response is required.

174.    Count III and Paragraph 174, are not pleaded against County Defendants; therefore, no response is required to Paragraph 174. To the extent a response is required, deny.

175.    Count III and Paragraph 175 are not pleaded against County Defendants; therefore, no response is required. To the extent a response is required, deny.

176.    Count IV and Paragraph 176, are not pleaded against County Defendants; therefore, no response is required. To the extent a response is required, deny.

177.    Count V, Paragraphs 177 through 178, is not pleaded against County Defendants; therefore, no response is required. To the extent a response is required, deny.

178.    Count V and Paragraph 178 are not pleaded against County Defendants; therefore, no response is required. To the extent a response is required, deny.

179.    Count VI, Paragraphs 179 through 180, is not pleaded against County Defendants; therefore, no response is required. To the extent a response is required, deny.

180.    Count VI and Paragraph 179 are not pleaded against County Defendants; therefore, no response is required. To the extent a response is required, deny.

181.    In response to Count VII, Paragraph 181, deny and affirmatively allege that Decedent had been convicted and was serving a court-imposed sentence; therefore, the Eighth Amendment, not the Fourteenth Amendment applies.

182.    Count VIII, Paragraph 182, was dismissed by the Court [Doc. 74]; therefore, no response is required. To the extent a response is required, deny.

183.    In response to Count IX, Paragraph 183, deny that Sheriff Nanos arrested Decedent. Admit Decedent was booked into the Jail. Deny remaining allegations and affirmatively allege that Decedent had been convicted and was serving a court-imposed sentence; therefore, the Eighth Amendment, not the Fourteenth Amendment applies.

184.    Count X, Paragraph 184, was dismissed by the Court [Doc. 74]; therefore, no response is required.

**GENERAL DENIAL**

1.    County Defendants deny each and every allegation not expressly admitted herein.

**DEMAND FOR JURY TRIAL**

County Defendants demand a jury trial.

**AFFIRMATIVE DEFENSES**

1.    Failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

2.    The Complaint fails to meet the requirements of Fed. R. Civ. P. 8. because it merely contains threadbare recitals of the element of a cause of action. *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556-57 (2007)).

3.    The facts alleged by Plaintiff do not amount to a constitutional violation against Decedent.

4.    No County policy, custom or practice caused Decedent to suffer an alleged constitutional violation.

5.    County Defendants did not cause Decedent to suffer an alleged constitutional violation.

6.    No alleged custom or practice was a moving force behind any constitutional violation suffered by Decedent.

7.    The County Defendants did not personally participate in any alleged violation of Decedent's constitutional rights.

8.    County Defendants did not act with deliberate indifference to Decedent's alleged constitutional rights.

9.    The County Defendants' conduct was objectively reasonable.

10.    No County Defendant made any intentional decision that put Decedent at a substantial risk of suffering serious harm or death.

11.    The County Defendants took reasonable measures to abate or reduce the risk of serious harm or death to Decedent by auditing NaphCare's performance of the contract and enforcing financial consequences against NaphCare as allowed under the contract, and other such measures.

12.    The County Defendants acted in good faith in their reliance on applicable law and their contract with NaphCare in their conduct toward Decedent.

13.    The County Defendants' actions furthered legitimate penological interests.

14.    Defendant Pima County is not responsible for the day-to-day running of the jail.

15.    The damages claimed by Plaintiff, if any, are speculative, are not supported by proof and thus not compensable as a matter of law.

16.    Plaintiff may not recover punitive damages against the County or Sheriff Nanos in his official capacity. *Newport News v. Fact Concerts, Inc.,* 253 U.S. 247 (1981);

17.    Punitive damages against a governmental entity are barred by *City of Newport v. Fact Concerts, Inc.,* 101 S.Ct. 2748 (1981) and barred against the individually named Defendants in their official capacity pursuant to Smith *v. Wade,* 103 S.Ct. *1625* (1983).

18.    Decedent assumed the risk of not eating and/or not drinking.

19.    Decedent caused or contributed to her own death by not eating or drinking.

20.    Defendant NaphCare and/or  unidentified third parties may have been at fault for Decedent's death, and the County Defendants may be entitled to indemnity and/or contribution.

21.    Defendant Nanos is not liable for the determination of whether to seek resources or spend existing resources for the hiring of personnel, pursuant to A.R.S. §12-820.01.

22.    Failure to comply with A.R.S. § 12-820.01 and/or A.R.S. 12-821.

23.    Lack of duty.

24.    Lack of breach of any duty.

25.    Lack of proximate cause.

26.    On information and belief, the actions or inactions of Defendant NaphCare, Decedent, and/or unidentified third parties, were intervening or superseding causes of decedent's death and eliminate the liability of the County Defendants.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

27.    Plaintiff and the statutory beneficiaries may have failed to mitigate their damages, if any, thus barring or reducing recovery against the County Defendants.

28.    Upon information and belief, the County Defendants affirmatively allege that Plaintiff's damages, if any, were proximately caused by persons or entities over which he has no control.

WHEREFORE, County Defendants request the Court:

A.    Enter judgment against Plaintiffs and in favor of County Defendants.

B.    Award the County Defendants their reasonable attorneys' fees and court costs under 42 U.S.C. § 1988 and Rule 54(d), Fed.R.Civ.P. and any other applicable statute, rule, or common law.

DATED March 17, 2025.

LAURA CONOVER
PIMA COUNTY ATTORNEY


By /s/Joey Flynn
     Joey Flynn
     Deputy County Attorney

1

**CERTIFICATE OF SERVICE**

2         I hereby certify that on March 17, 2025, I electronically transmitted the attached

3  document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4  Notice of Electronic Filing to the following ECF registrants:

5

6  Andrea R. Woods                          J. Arthur Eaves
   Edwin S. Budge                           Robert O. Beardsley
7  Erik J. Heipt                            SANDERS & PARKS, P.C.
   BUDGE & HEIPT, PLLC                      3030 N. 3rd Street, Ste. 1300
8  808 East Roy Street                      Phoenix, AZ 85012
9  Seattle, WA 98102                        artie.eaves@sanderssparks.com
   andrea@budgeandheipt.com                 robert.beardsley@sanderssparks.com
10 ed@budgeandheipt.com
11 erik@budgeandheipt.com                   *Attorneys for Defendant John Samaan*

12 *Attorneys for Plaintiffs*

13
   Rachelle E. Sanchez                      Kari B. Zangerle
14 LIGHTFOOT, FRANKLIN & WHITE, LLC         Robert C. Stultz
   400 20th St. N.                          GUST ROSENFELD, P.L.C.
15 Birmingham, AL 35203                     One East Washington Street, Ste. 1600
16 rsanchez@lightfootlaw.com                Phoenix, AZ 85004
                                            kzangerle@gustlaw.com
17                                          rstultz@gustlaw.com

18 *Attorneys for Defendants NaphCare, Inc., Mikell Karsten, M.D., Leo Easley, N.P., Jason*
19 *Chamberlain, R.N., and Matthew Woods, M.H.P.*

20

21 */s/Sandy Tokin*_____

22

23

24

25

26

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION