**LAURA CONOVER**
**PIMA COUNTY ATTORNEY**
**CIVIL DIVISION**
Joey Flynn, SBN 015430
Deputy County Attorney
Joey.Flynn@pcao.pima.gov
Rebecca K. O'Brien, SBN 021954
Deputy County Attorney
Rebecca.Obrien@pcao.pima.gov
Tyler Campman, SBN 036416
Deputy County Attorney
Tyler.Campman@pcao.pima.gov
32 North Stone Avenue, Suite 2100
Tucson, Arizona 85701
Telephone: 520-724-5700
*Attorney for Defendants Pima County and*
  *Chris Nanos*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| The Estate of Mary Faith Casey a/k/a Mary Hutchinson, by and through its Co-Personal Representatives, Karina Kepler and Carlin Casey; Karina Kepler, an individual; and Carlin Casey, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> NaphCare, Inc., an Alabama corporation; Pima County, Arizona; Chris Nanos, in his official capacity as Pima County Sheriff; Jason Chamberlain, R.N., in his individual capacity; Leo Easley, N.P., in his individual capacity; Mikell Karsten, M.D., in his individual capacity; John Samaan, M.D., in his individual capacity; and Matthew Woods, M.H.P., in his individual capacity, <br><br> Defendants. | No. 4:24-cv-00220-AMM <br><br> **COUNTY DEFENDANTS' AMENDED ANSWER TO PLAINTIFFS' COMPLAINT** |

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

Defendants Pima County and Chris Nanos ("Nanos") (collectively "County Defendants"), through undersigned counsel, and for themselves only, for their Amended Answer to Plaintiffs' Complaint ("Complaint") [Doc. 1], admit, deny, and affirmatively allege as follows in response to only the allegations asserted against them:

## I.    PRELIMINARY STATEMENT

1.    Admit Mary Faith Casey ("Decedent") was confined in the Pima County Adult Detention Complex ("Jail") and deny that that there is a viable cause of action against County Defendants.

2.    Deny the allegations insofar as they are asserted against County Defendants. County Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 2 about Decedent and therefore, deny.

3.    To the extent Paragraph 3 asserts access to court and counsel claims, those claims were dismissed; therefore, no response is required. [Doc. 74.]  To the extent a response is required, deny. Deny the remaining allegations asserted against County Defendants.

4.    Admit only that Defendant Pima County contracted with NaphCare beginning in September of 2021 to provide healthcare services at the Jail and deny the remaining allegations asserted against County Defendants. County Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations regarding Plaintiffs' alleged motivations for filing this lawsuit and regarding NaphCare and therefore, deny.

## II.    SUMMARY

5.    No response is required to the first two sentences of Paragraph 5, as they are not directed to any Defendant.  County Defendants deny all remaining allegations.

6.    Admit only that Decedent was arrested and booked into the Jail on April 30, 2022.  To the extent that Paragraph 6 misstates, mischaracterizes, or takes out of context

medical or jail records, those allegations are denied.  County Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations concerning Decedent's arrest and therefore, deny.

7.    Admit only that Decedent was incarcerated in 2021. To the extent that Paragraph 7 misstates, mischaracterizes or takes medical or jail records out of context, those allegations are denied. County Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations which appear to be directed at NaphCare and therefore, deny.

8.    County Defendants admit that individual custody staff noticed that Decedent refused food on at least one occasion. To the extent that Paragraph 8 misstates, mischaracterizes or takes medical or jail records out of context, those allegations are denied.  County Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations and therefore, deny.

9.    To the extent that Paragraph 9 misstates, mischaracterizes or takes medical or jail records out of context, those allegations are denied. County Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations and therefore, deny.

10.    Deny the allegations insofar as they are asserted against County Defendants. To the extent that Paragraph 10 misstates, mischaracterizes or takes medical or jail records out of context, those allegations are denied. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 10 and therefore, deny.

11.    To the extent that Paragraph 11 misstates, mischaracterizes or takes medical or jail records out of context, those allegations are denied. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 11 and therefore, deny.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

12.    Deny that Decedent was released "to die."   Admit that Decedent was hospitalized three times during her Jail confinement. To the extent that Paragraph 12 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 12 and therefore, deny.

13.    The allegations in Paragraph 13 do not appear to be pled against County Defendants; therefore, no response is required. To the extent a response is required, deny.

14.    To the extent that Paragraph 14 contains allegations against County Defendants, those allegations are denied. To the extent Paragraph 14 alleges access to court or counsel claims, those claims were dismissed by the Court; thus, no response is required. [Doc. 74.] County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 14, and therefore, deny.

15.    Admit only that Decedent was released from Jail custody on August 18, 2022.  To the extent that Paragraph 15 misstates mischaracterizes or takes out of context court, medical, or jail records, those allegations are denied.  County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 15 and therefore, deny.

16.    Admit only that Decedent was released from Jail custody on August 18, 2022. To the extent that Paragraph 16 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 16 and therefore, deny.

17.    Admit only that Pima County contracted with NaphCare to provide healthcare services at the Jail during Decedent's 2022 incarceration. Affirmatively allege that the October 2022 contract renewal with NaphCare was for up to $63,870.32315, which covered a period of three years. County Defendants are without sufficient information to

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

form a belief about the truth of the remaining allegations in Paragraph 17 and therefore, deny.

### III.    JURISIDICTION AND VENUE

18.    Admit.

19.    Admit.

### IV.    PARTIES

20.    Admit only that Decedent was incarcerated from April 30, 2022 to August 18, 2022. County Defendants deny that Decedent was a pre-trial detainee and the applicability of the Fourteenth Amendment. County Defendants are otherwise without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 20 and therefore, deny.

21.    County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 21 and therefore, deny.

22.    County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 22 and therefore, deny.

23.    Admit that Pima County entered into an emergency contract with NaphCare to provide healthcare at the Jail beginning in September of 2021 and a new three-year contract was awarded to NaphCare in October 2022. To the extent that Paragraph 23 misstates, mischaracterizes, or takes out of context the contract terms, those allegations are denied.  The remainder of Paragraph 23 is not pled against County Defendants; therefore, no response is required.

24.     Admit that Pima County is a jural governmental entity.  Deny that Pima County was responsible for training and supervision of custodial Jail employees or adopting, implementing, and enforcing Jail policies. Admit that Pima County is responsible for the provision of healthcare at the Jail. County Defendants deny the remaining allegations in Paragraph 24.

25.     Admit that Nanos is the elected Sheriff of Pima County, and that the Sheriff must "take charge of and keep the county jail." County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 25 and therefore, deny.

26.     Paragraph 26 is not pled against County Defendants; therefore, no response is required. To the extent a response is required, deny.

27.     Paragraph 27 is not pled against County Defendants; therefore, no response is required. To the extent a response is required, deny.

28.     Paragraph 28 is not pled against County Defendants; therefore, no response is required. To the extent a response is required, deny.

29.     Paragraph 29 is not pled against County Defendants; therefore, no response is required. To the extent a response is required, deny.

30.     Paragraph 30 is not pled against County Defendants; therefore, no response is required. To the extent an answer is required, deny.

## V.    FACTS

31.     County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 31 and therefore, deny.

32.     County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 32 and therefore, deny.

33.     County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 33 and therefore, deny.

34.     County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 34 and therefore, deny.

35.     County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 35 and therefore, deny.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

1

2

36.　County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 36 and therefore, deny.

3

4

37.　County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 37 and therefore, deny.

5

6

38.　County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 38 and therefore, deny.

7

8

39.　County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 39 and therefore, deny.

9

10

11

12

40.　Admit that Decedent received medical and mental health care during her 2021 incarceration and that NaphCare was not the Jail's healthcare provider in 2021. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 40 and therefore, deny.

13

14

41.　County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 41 and therefore, deny.

15

16

42.　County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 42 and therefore, deny.

17

18

43.　County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 43 and therefore, deny.

19

20

44.　County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 44 and therefore, deny.

21

22

45.　County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 45 and therefore, deny.

23

24

46.　Paragraph 46 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

25

26

47.　Paragraph 47 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

48.     Paragraph 48 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

49.     Paragraph 49 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

50.     Paragraph 50 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

51.     Paragraph 51 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

52.     To the extent that Paragraph 52 misstates or mischaracterizes medical or jail records, those allegations are denied. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 52 and therefore, deny.

53.     Admit that on May 21, 2022, Decedent did not collect a dinner tray and that other inmates informed Jail custody staff that Decedent had not eaten breakfast or lunch. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 53 and therefore, deny.

54.     County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 54 and therefore, deny.

55.     Paragraph 55 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

56.     Paragraph 56 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

57.     To the extent Paragraph 57 makes allegations against any County Defendants, County Defendants are without sufficient information to form a belief as to the truth and therefore, deny.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

58.    Paragraph 58 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

59.    Admit only that corrections staff reported instances of Decedent not eating. The remaining allegations in Paragraph 59 are not directed towards County Defendants and therefore, no response is required. To the extent a response is required, deny.

60.    Paragraph 60 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

61.    Paragraph 61 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

62.    Admit only that Decedent refused dayroom on several occasions throughout June and July. The remainder of Paragraph 62 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

63.    Admit that Jail records indicate corrections staff recorded Decedent "ha[d] not been observed eating" and had been "completely inactive in [her] cell." The remaining allegations in Paragraph 63 are not directed towards County Defendants and therefore, no response is required. To the extent a response is required, deny.

64.    Admit only that Jail staff relayed concerns regarding Decedent's inactivity and not eating to NaphCare staff. The remaining allegations in Paragraph 64 are not directed towards County Defendants; therefore, no response is required. To the extent a response is required, deny.

65.    Upon information and belief, admit a correctional officer reported that they were concerned about Decedent. Otherwise, County Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 65 and therefore, deny.

66.    Paragraph 66 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

67.    Paragraph 67 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

68.    Admit only that on July 17, 2022, Decedent had been in custody for 78 days and that she was released from custody on August 18, 2022.  The remainder of Paragraph 68 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

69.    Admit only that correctional officers occasionally noted that Decedent was giving her food to cellmates. The remainder of Paragraph 69 contains Plaintiffs' characterizations regarding that fact and therefore, no response is required. To the extent a response is required, deny.

70.    Paragraph 70 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

71.    Paragraph 71 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

72.    Admit only that corrections staff noted that Decedent had been refusing food and related those concerns to a NaphCare employee. County Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 72 and therefore, deny.

73.    Paragraph 73 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

74.    Admit that records indicate Decedent refused food and various services. Deny remaining allegations in Paragraph 74 against County Defendants.

75.    The Court dismissed Plaintiffs' access to court and counsel claims; therefore, no response is required to Paragraph 75. [Doc. 74.] To the extent that Paragraph 75 pertains to any remaining claim against County Defendants, deny.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

76.    The Court dismissed Plaintiffs' access to court and counsel claims; therefore, no response is required to Paragraph 76. [Doc. 74.] To the extent that Paragraph 76 pertains to any remaining claim against County Defendants, deny.

77.    The Court dismissed Plaintiffs' access to court and counsel claims; therefore, no response is required to Paragraph 77. [Doc. 74.] To the extent that Paragraph 77 pertains to any remaining claim against County Defendants, deny.

78.    The Court dismissed Plaintiffs' access to court and counsel claims; therefore, no response is required to Paragraph 78. [Doc. 74.] To the extent that Paragraph 78 pertains to any remaining claim against County Defendants, deny.

79.    The Court dismissed Plaintiffs' access to court and counsel claims; therefore, no response is required to Paragraph 79. [Doc. 74.] To the extent that Paragraph 79 pertains to any remaining claim against County Defendants, deny. County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 79 regarding Decedent's ability to communicate and therefore, deny.

80.    Deny.

81.    Admit only that Decedent was hospitalized three times during her 2022 incarceration, that the first hospitalization was on August 4, 2022, and that by August 4, 2022, Decedent had been in custody for 96 days. Deny that Decedent "was discharged…to die." To the extent that Paragraph 81 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. The remaining allegations in Paragraph 81 are not directed at County Defendants; therefore, no response is required. To the extent a response is required, deny.

82.    Admit only that records indicate that on August 4, 2022, corrections staff indicated to medical staff that Decedent pointed to her throat but did not speak. To the extent that Paragraph 82 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. The remaining allegations in Paragraph 82 are not

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

directed towards County Defendants; therefore, no response is required. To the extent a response is required, deny.

83.    Admit only that on August 4, 2022, Officer Lacaillade spoke to mental health staff and expressed concern for Decedent's wellbeing. To the extent that Paragraph 83 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. The remainder of Paragraph 83 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

84.    Paragraph 84 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

85.    Admit only that Decedent was booked into the Jail on April 30, 2022. To the extent that Paragraph 85 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied.  The remainder of Paragraph 85 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

86.    To the extent that Paragraph 86 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. Paragraph 86 does not otherwise contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

87.    To the extent that Paragraph 87 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. Paragraph 87 does not otherwise contain allegations against County Defendant; therefore, no response is required. To the extent a response is required, deny.

88.    Admit only that Decedent cried during the night of August 6, 2022. The remaining allegations in Paragraph 88 are not directed towards County Defendants; therefore, no response is required. To the extent a response is required, deny.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

89. Admit that on August 7, 2022, Decedent had been in custody for 99 days. To the extent that Paragraph 89 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. The remainder of Paragraph 89 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

90. Admit only that Decedent was taken to St. Mary's Hospital on August 8, 2022. To the extent that Paragraph 90 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. The remainder of Paragraph 90 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

91. To the extent that Paragraph 91 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. Paragraph 91 does not otherwise contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

92. Admit only that on August 9, 2022, Decedent had been in custody for 101 days. To the extent that Paragraph 92 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. The remainder of Paragraph 92 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

93. Admit only that on August 9, 2022, Decedent had been in custody for 101 days. To the extent that Paragraph 93 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. Paragraph 93 does not otherwise contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

94. Paragraph 94 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

95.    Paragraph 95 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

96.    Paragraph 96 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

97.    To the extent that Paragraph 97 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. Paragraph 97 does not otherwise contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

98.    Admit only that Decedent was transferred to the hospital on August 11, 2022. The remainder of Paragraph 98 alleges access to court and counsel claims, which the Court dismissed; therefore, no response is required. [Doc. 74.] To the extent a response is required, deny. The remaining allegations are not directed to the County Defendants; therefore, no response is required. To the extent a response is required, deny.

99.    To the extent that Paragraph 99 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. Paragraph 99 does not contain allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

100.    To the extent Paragraph 100 pertains to Plaintiffs' access to court and counsel claims, which were dismissed; therefore, no response is required. [Doc. 74.] To the extent a response is required, deny. To the extent Paragraph 100 contains allegations remaining against the County Defendants, those allegations are denied. Otherwise, the allegations in Paragraph 100 are not directed at County Defendants and no response is required. To the extent a response is required, deny.

101.    Admit only that Decedent returned to the Jail on August 12, 2022. To the extent that Paragraph 101 misstates, mischaracterizes or takes out of context medical or jail records, those allegations are denied. The remainder of the allegations in Paragraph

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

1  101 are not directed at County Defendants; therefore, no response is required. To the extent
2  a response is required, deny.

3      102.    To the extent that Paragraph 102 misstates, mischaracterizes or takes out of
4  context medical or jail records, those allegations are denied. Paragraph 102 does not
5  otherwise contain allegations against County Defendants; therefore, no response is
6  required. To the extent a response is required, deny.

7      103.    To the extent that Paragraph 103 misstates, mischaracterizes or takes out of
8  context medical or jail records, those allegations are denied. Paragraph 103 does not
9  otherwise contain allegations against County Defendants; therefore, no response is
10  required. To the extent a response is required, deny.

11      104.    Admit only that on August 16, 2022, Decedent had been in custody for 108
12  days. To the extent that the remainder of Paragraph 104 pertains to Plaintiffs' court and
13  counsel claims, no response is required because those claims were dismissed. [Doc. 74.]
14  To the extent a response is required, deny.

15      105.    Admit only that on August 16, 2022, Decedent attended court.  To the extent
16  that the remainder of Paragraph 105 pertains to Plaintiffs' court and counsel claims, no
17  response is required because those claims were dismissed. [Doc. 74.] To the extent a
18  response is required, deny. County Defendants are without sufficient information to form
19  a belief about the truth of the remaining allegations in Paragraph 105 and therefore, deny.

20      106.    County Defendants are without sufficient information to form a belief about
21  the truth of the allegations regarding Decedent's family's attempts to contact her while
22  Decedent was in Jail and therefore, deny. County Defendants deny any remaining
23  allegations against them.

24      107.    Admit only that August 17, 2022 was Decedent's last full day of her 2022
25  incarceration at the Jail. To the extent that Paragraph 107 misstates, mischaracterizes or

1  takes out of context medical or jail records, those allegations are denied. County
2  Defendants deny all remaining allegations against them.

3      108.   Admit only that Decedent was released from Jail on August 18, 2022 and by
4  August 18, 2022, Decedent had been in custody for 110 days. To the extent that Paragraph
5  108 misstates, mischaracterizes or takes out of context medical or jail records, those
6  allegations are denied. The remainder of Paragraph 108 contains no allegations against
7  County Defendants; therefore, no response is required.  To the extent a response is required,
8  deny.

9      109.   County Defendants are without sufficient information to form a belief about
10  the truth of the allegations in Paragraph 109 and therefore, deny.

11      110.   To the extent that Paragraph 110 misstates, mischaracterizes or takes out of
12  context medical or jail records, those allegations are denied. County Defendants are
13  otherwise without sufficient information to form a belief about the truth of the remaining
14  allegations in Paragraph 110 and therefore, deny.

15      111.   To the extent that Paragraph 111 misstates, mischaracterizes or takes out of
16  context medical or jail records, those allegations are denied. County Defendants are
17  without sufficient information to form a belief about the truth of the remaining allegations
18  in Paragraph 111 and therefore, deny.

19      112.   County Defendants are without sufficient information to form a belief about
20  the truth of the allegations in Paragraph 112 and therefore, deny.

21      113.   County Defendants are without sufficient information to form a belief about
22  the truth of the allegations in Paragraph 113 and therefore, deny.

23      114.   County Defendants are without sufficient information to form a belief about
24  the truth of the allegations in Paragraph 114 and therefore, deny.

25      115.   County Defendants are without sufficient information to form a belief about
26  the truth of the allegations in Paragraph 115 and therefore, deny.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

116.    County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 116 and therefore, deny.

117.    Admit only that Decedent died on October 6, 2022.  County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 117 and therefore, deny.

118.    County Defendants deny allegations as to themselves. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 118 and therefore, deny.

119.    County Defendants deny allegations as to themselves. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 119 and therefore, deny.

120.    Deny as to Ms. Casey's hospitalizations in Tucson, Arizona during 2022. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 120 and therefore, deny.

121.    County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 121 and therefore, deny.

122.    County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 122 and therefore, deny.

123.    County Defendants are without sufficient information to form a belief about the truth of the allegations in Paragraph 123 and therefore, deny.

### VI.    ALLEGATIONS REGARDING SYSTEMS, POLICIES, PRACTICES AND CUSTOMS

124.    Deny.

125.    Paragraph 125 is not alleged against County Defendants; therefore, no response is required. To the extent a response is required, deny.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

126.    County Defendants admit only that it contracted with NaphCare beginning in September 2021 and deny the remaining allegations in Paragraph 126, including the characterization of the contract amount.

127.    County Defendants admit only that Pima County first contracted with NaphCare on an emergency basis and without a bidding process and admit that NaphCare was involved in a $700,000 settlement that involved allegations of fraud. County Defendants are otherwise without sufficient information to form a belief of the truth of the remaining allegations and characterizations in Paragraph 127 and therefore, deny.

128.    To the extent that Paragraph 128 misstates, misconstrues, or incorrectly paraphrases the terms of Pima County's contract(s) with NaphCare, County Defendants deny Paragraph 128. County Defendants are otherwise without sufficient information to form a belief of the truth of the remaining allegations in Paragraph 128 and therefore, deny.

129.    County Defendants admit only that Administrator Lesher issued a memo dated November 7, 2023. However, to the extent Paragraph 129 misstates, misconstrues, incorrectly paraphrases, and/or takes out of context the November 2023 memo, County Defendants deny. The remaining allegations are not directed at County Defendants; therefore, no response is required. To the extent a response is required, deny.

130.    County Defendants admit only that Administrator Lesher issued a memo dated November 7, 2023. However, to the extent Paragraph 130 misstates, misconstrues, incorrectly paraphrases, and/or takes out of context the November 2023 memo, County Defendants deny. The remaining allegations are not directed at County Defendants; therefore, no response is required. To the extent a response is required, deny.

131.    Paragraph 131 is not directed to County Defendants; therefore, no response is required. To the extent a response is required, deny.

132.    Paragraph 132 is not directed to County Defendants; therefore, no response is required. To the extent a response is required, deny.

133.    Paragraph 133 is not directed to County Defendants; therefore, no response is required. To the extent a response is required, deny.

134.    Admit only that Pima County had a contract with NaphCare. Deny allegations regarding Pima County's contract with NaphCare that are misstated, misconstrued, or taken out of context. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 134 against NaphCare and therefore, deny.

135.    Admit only that Pima County contracted with NaphCare to provide healthcare at the Jail.  Deny that Nanos agreed to allow NaphCare to become the Jail's healthcare provider. Deny and affirmatively allege that Jail population numbers vary.  To the extent that Paragraph 135 misstates, misconstrues, or incorrectly paraphrases the terms of Pima County's contract(s) with NaphCare, County Defendants deny. County Defendants deny remaining allegations directed against them. County Defendants are without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 135 against NaphCare and therefore, deny.

136.    Paragraph 136 is not alleged against County Defendants; therefore, no response is required. To the extent a response is required, deny.

137.    Paragraph 137 is not alleged against County Defendants; therefore, no response is required. To the extent a response is required, deny.

138.    Admit only that Pima County audits NaphCare's performance of the contract, that there are financial consequences for performance deficiencies, and that Pima County assessed financial consequences to NaphCare.  To the extent that Paragraph 138 misstates, misconstrues, or incorrectly paraphrases the Pima County's audits, those allegations, and the remaining allegations against County Defendants, are denied.

139.    Deny.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

140. Admit only that NaphCare is contractually obligated to adhere to NCCHC Standards. The remainder of Paragraph 140 makes no allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

141. Admit that the NCCHC is correctly quoted, but to the extent that Paragraph 141 misstates, misconstrues, or mischaracterizes the NCCHC standards, deny. County Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 141 and therefore, deny.

142. Paragraph 142 makes no allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

143. Paragraph 143 makes no allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

144. Deny the first sentence of Paragraph 144. County Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 144 and therefore, deny.

145. Deny.

146. Admit that the contract is correctly quoted, but to the extent that Paragraph 146 misstates, misconstrues, or removes context, deny. County Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 146 and therefore, deny.

147. Paragraph 147 makes no allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

148. Admit only that NaphCare is contractually obligated to adhere to NCCHC Standards. The remainder of Paragraph 148 makes no allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

149. To the extent that Paragraph 149 misstates, misconstrues, or mischaracterizes Pima County's contract with NaphCare, those allegations are denied. The remainder of

Paragraph 149 makes no allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

150.  Admit only that NaphCare was contractually required to provide patients referred for mental health services during their receiving screening with a mental health assessment within 14 days of admission. However, to the extent that Paragraph 150 misstates, misconstrues, or mischaracterizes Pima County's contract with NaphCare, those allegations are denied. The remaining allegations in Paragraph 150 are not directed against County Defendants; therefore, no response is required. To the extent a response is required, deny.

151.  The court dismissed Plaintiffs' *Monell* allegations regarding the tracking of court competency orders [Doc. 74]; therefore, no response is required. To the extent a response is required, deny.

152.  Admit only that Pima County, not Nanos, contracted with NaphCare to provide healthcare services at the Jail and that Pima County was aware of the allegations against NaphCare involved in NaphCare's $700,000 settlement. County Defendants deny the remaining allegations in Paragraph 152 against them. County Defendants are without sufficient information to form a belief about the truth regarding NaphCare's alleged prioritization of profitability and therefore, deny

153.  Admit only that Pima County's contract with NaphCare imposed financial consequences for failing to meet certain staffing levels, performance indicators, and business requirements and that consequences were imposed upon NaphCare. County Defendants deny the remaining allegations in Paragraph 153.

154.  Deny.

155.  Admit only that County Defendants were aware of inmate deaths in 2022 and deny the remaining allegations in Paragraph 155.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

156.    Admit only that NaphCare was awarded a new contract after a bidding process in 2022, and that Pima County relied, in part, on NaphCare's NCCHC's accreditation. County Defendants are without sufficient information to form a belief as to the truth of the allegations regarding the County's insurance broker and therefore, deny. County Defendants deny the remaining allegations against them in Paragraph 156.

157.    Paragraph 157 makes no allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

158.    Paragraph 158 calls for a legal conclusion and no response is required. To the extent a response is required, deny.

159.    To the extent that Paragraph 159 misstates, misconstrues, or mischaracterizes Nanos' statements, those allegations are denied. Paragraph 159 makes no allegations against Pima County therefore, Pima County is not required to respond. To the extent a response is required, deny.

160.    Deny.

161.    Paragraph 161 calls for a legal conclusion and no response is required. To the extent a response is required, deny.

## VII.   PUNITIVE DAMAGES

162.    Paragraph 162 makes no allegations against County Defendants; therefore, no response is required.  To the extent a response is required, deny.

163.    Deny.

164.    Paragraph 164 makes no allegations against County Defendants; therefore, no response is required. To the extent a response is required, deny.

## X. CLAIMS FOR RELIEF

165.    Admit only that NaphCare was contractually obligated to provide healthcare at the Jail during Decedent's 2022 incarceration.  Deny that the Fourteenth Amendment applies to Decedent.  Otherwise, Count I, contained in Paragraphs 165 through 170, are not

1    directed to County Defendants; therefore, no response is required to Paragraph 165. To
2    the extent a response is required, deny.

3        166.    Count I, Paragraph 166 is not directed to County Defendants; therefore, no
4    response is required. To the extent a response is required, deny.

5        167.    Count I, Paragraph 167 is not directed to County Defendants; therefore, no
6    response is required. To the extent a response is required, deny.

7        168.    Count I, Paragraph 168 is not directed to County Defendants; therefore, no
8    response is required. To the extent a response is required, deny.

9        169.    Count I, Paragraph 169 is not directed to County Defendants; therefore, no
10    response is required. To the extent a response is required, deny.

11        170.    Count I, Paragraph 170 is not directed to County Defendants; therefore, no
12    response is required. To the extent a response is required, deny.

13        171.    Count II, Paragraphs 171 through 173, are not directed to County
14    Defendants; therefore, no response is required Paragraph 171. To the extent a response is
15    required, deny.

16        172.    Count II, Paragraph 172, is not directed to County Defendants; therefore, no
17    response is required. To the extent a response is required, deny.

18        173.    Count II, Paragraph 173, is not directed to County Defendants; therefore, no
19    response is required. To the extent a response is required, deny.

20        174.    Count III, Paragraphs 174 through 175, are not directed to County
21    Defendants; therefore, no response is required to Paragraph 174. To the extent a response
22    is required, deny.

23        175.    Count III, Paragraph 175 is not directed to County Defendants; therefore, no
24    response is required. To the extent a response is required, deny.

25        176.    Count IV, Paragraph 176, is not directed to County Defendants; therefore, no
26    response is required. To the extent a response is required, deny.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

177.    Count V, Paragraphs 177 through 178, are not directed to County Defendants; therefore, no response is required to Paragraph 177. To the extent a response is required, deny.

178.    Count V, Paragraph 178 is not directed to County Defendants; therefore, no response is required. To the extent a response is required, deny.

179.    Count VI, Paragraphs 179 through 180, are not directed to County Defendants; therefore, no response is required to Paragraph 179. To the extent a response is required, deny.

180.    Count VI, Paragraph 180 is not directed to County Defendants; therefore, no response is required. To the extent a response is required, deny.

181.    In response to Count VII, Paragraph 181, deny and affirmatively allege that Decedent had been convicted and was serving a court-imposed sentence; therefore, the Eighth Amendment, not the Fourteenth Amendment, applies.

182.    Count VIII, Paragraph 182, was dismissed by the Court [Doc. 74]; therefore, no response is required. To the extent a response is required, deny.

183.    In response to Count IX, Paragraph 183, deny that Sheriff Nanos arrested Decedent. Admit Decedent was booked into the Jail. Deny remaining allegations and affirmatively allege that Decedent had been convicted and was serving a court-imposed sentence; therefore, the Eighth Amendment, not the Fourteenth Amendment applies.

184.    Count X, Paragraph 184, was dismissed by the Court [Doc. 74]; therefore, no response is required. To the extent a response is required, deny.

## **GENERAL DENIAL**

County Defendants deny each and every allegation not expressly admitted herein.

## **DEMAND FOR JURY TRIAL**

County Defendants demand a jury trial.

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

## **AFFIRMATIVE DEFENSES**

1.    Failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

2.    The Complaint fails to meet the requirements of Fed. R. Civ. P. 8. because it merely contains threadbare recitals of the element of a cause of action. *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556-57 (2007)).

3.    The facts alleged by Plaintiffs do not amount to a constitutional violation.

4.    No County Defendants' policy, custom or practice was unconstitutional or deliberately indifferent to Decedent's medical needs.

5.    No County Defendants' policy, custom, or practice caused any party to be deliberately indifferent to Decedent's medical needs.

6.    No County Defendants' custom, policy, or practice was a moving force behind Decedent's death or Plaintiffs' alleged damages.

7.    No County Defendants personally participated in any alleged violation of Decedent's constitutional rights.

8.    No County Defendants acted with deliberate indifference to Decedent's alleged constitutional rights.

9.    No County Defendants made an intentional decision that put Decedent at a substantial risk of suffering serious harm or death.

10.    The County Defendants' conduct was objectively reasonable.

11.    The County Defendants took reasonable measures to abate or reduce the risk of serious harm or death to Decedent by auditing NaphCare's performance of the contract and enforcing financial consequences against NaphCare as allowed under the contract, and other such measures.

12.    The County Defendants acted in good faith in their reliance on applicable law and their contract with NaphCare in their conduct toward Decedent.

13.    The County Defendants' actions furthered legitimate penological interests.

14.    Pima County is not responsible for the day-to-day running of the jail.  A.R.S. §11-441(A)(5)

15.    Nanos is not responsible for the provision of healthcare at the Jail.  A.R.S. § 11-291(A), (C).

16.    Nanos is not liable for the determination of whether to seek resources or spend existing resources for the hiring of personnel, pursuant to A.R.S. §12-820.01.

17.    Decedent assumed the risk of not eating and/or not drinking.

18.    Decedent caused or contributed to her own death by not eating or drinking.

19.    Upon information and belief, Decedent, Plaintiffs, Co-Defendants and/or unidentified third parties may have caused or contributed to Decedent's death, and the County Defendants may be entitled to indemnity and/or contribution.

20.    Upon information and belief, the County Defendants affirmatively allege that Plaintiffs' damages, if any, were proximately caused by persons or entities over which they have no control.

21.    Upon information and belief, the actions of Decedent, Plaintiffs, Co-Defendants, and/or unidentified third parties may have constituted intervening or superseding causes of Decedent's death and eliminate County Defendants' liability.

22.    Lack of duty.

23.    Lack of breach of any duty.

24.    Lack of proximate cause.

25.    The damages claimed by Plaintiffs, if any, are speculative, are not supported by proof and thus not compensable as a matter of law.

26.    Plaintiffs and the statutory beneficiaries may have failed to mitigate their damages, if any, thus barring or reducing recovery against the County Defendants.

27.     Plaintiffs may not recover punitive damages against Pima County or Sheriff Nanos in his official capacity. *Newport News v. Fact Concerts, Inc.,* 453 U.S. 247 (1981); *Smith v. Wade,* 103 S. Ct. *1625* (1983).

28.     County Defendants reserve the right to add or remove affirmative defenses after or during discovery.

WHEREFORE, County Defendants request the Court:

A.     Enter judgment against Plaintiffs and in favor of County Defendants.

B.     Award the County Defendants their reasonable attorneys' fees and court costs under 42 U.S.C. § 1988 and Rule 54(d), Fed.R.Civ.P. and any other applicable statute, rule, or common law.

DATED April 7, 2025.

LAURA CONOVER
PIMA COUNTY ATTORNEY


By: */s/Joey Flynn*
Joey Flynn
Deputy County Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Andrea R. Woods
Edwin S. Budge
Erik J. Heipt
BUDGE & HEIPT, PLLC
808 East Roy Street
Seattle, WA 98102
andrea@budgeandheipt.com
ed@budgeandheipt.com
erik@budgeandheipt.com

*Attorneys for Plaintiffs*

Robert O. Beardsley
SANDERS & PARKS, P.C.
3030 N. 3rd Street, Ste. 1300
Phoenix, AZ 85012
robert.beardsley@sanderssparks.com

*Attorneys for Defendant John Samaan*

Rachelle E. Sanchez
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th St. N.
Birmingham, AL 35203
rsanchez@lightfootlaw.com

Kari B. Zangerle
Robert C. Stultz
GUST ROSENFELD, P.L.C.
One East Washington Street, Ste. 1600
Phoenix, AZ 85004
kzangerle@gustlaw.com
rstultz@gustlaw.com

*Attorneys for Defendants NaphCare, Inc., Mikell Karsten, M.D., Leo Easley, N.P., Jason Chamberlain, R.N., and Matthew Woods, M.H.P.*

*/s/Sandy Tokin*

LAURA CONOVER
PIMA COUNTY ATTORNEY
CIVIL DIVISION

28 of 28