**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karina Kepler, et al., | No. CV-24-00220-TUC-AMM |
| Plaintiffs, | **ORDER** |
| v. | |
| NaphCare Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs Karina Kepler and Carlin Casey's Motion to Compel Discovery from the County Defendants. (Doc. 68.) Plaintiffs seek to compel Defendants Pima County and Sheriff Chris Nanos (together "County Defendants") to supplement or produce discovery. (*Id.*) The motion is fully briefed. (Docs. 70, 72.) For the reasons addressed below, the Court will grant the motion in part and deny it in part.

**I.  Overview**

Plaintiffs, on behalf of the estate of Mary Faith Casey ("Ms. Casey"), bring claims pursuant to 42 U.S.C. § 1983 and Arizona state law against County Defendants, NaphCare Incorporated, Registered Nurse Jason Chamberlain, Nurse Practitioner Leo Easley, Dr. Mikell Karsten, mental health professional Matthew Woods (together "NaphCare Defendants"), and Dr. John Samaan. (Doc. 1.) Plaintiffs allege Defendants provided Ms. Casey unconstitutionally deficient medical and mental health services in the Pima County Jail (the "Jail") that led to her deterioration and eventual death. (*Id.*)

On January 22, 2025, a discovery dispute conference was held to discuss the

disputed Requests for Production ("RFP") pursuant to the Court's September 27, 2024 Scheduling Order. (Doc. 44 at 2–3.) On January 27, 2025, the Court ordered Plaintiffs to file a motion to compel. (Doc. 67.) Thereafter, the present motion was filed.[1] (Doc. 68.)

## II. Discussion

### A. The Scope of Discovery is Governed by Federal Rule of Civil Procedure 26.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Factors courts consider in determining proportionality are "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Importantly, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion in resolving discovery disputes. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Here, Plaintiffs request discovery regarding County Defendants' treatment of other patients at the Jail and Defendants' response to "adverse events" at the Jail.[2] Plaintiffs also seek to clarify that their counsel's communication with Ms. Casey's former public defender does not violate Arizona Ethics Rule 4.2. As an initial matter, the Court will deny RFP 14 to Pima County and RFP 4 to Sheriff Nanos. The Court finds these requests are duplicative,

---

[1] County Defendants join in NaphCare Defendants' request to deny Plaintiffs' Motion to Compel arguing that it violates Local Rule 7.2(e) by exceeding the permitted page limit. (Doc. 70 at 2.) Local Rule 7.2(e) prohibits motions and responses from exceeding seventeen (17) pages, excluding attachments and required statements of facts. LRCiv 7.2(e). When a motion is brought pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), as it is here, Local Rule 37.1 requires the moving party provide—separately from a memorandum of law—the discovery requested, the response received, and the reason(s) why the response is deficient. LRCiv 37.1. Plaintiffs' motion is seventeen pages, excluding attachments. (*See* Doc. 68.) Therefore, Plaintiffs did not violate LRCiv 7.2(e) and County Defendants' request is denied.

[2] As noted in the Court's May 20, 2025 Order, the Court infers that the terms "serious adverse event" and "adverse event" are defined by contract or National Commission on Correctional Health Care ("NCCHC") standard. (*See* Doc. 96 at 4 n.4.)

unduly burdensome, or disproportionate to the needs of the case. County Defendants' objections to these discovery requests are sustained. The Court addresses the remaining requests below.³

### B. County Defendants' Response to Adverse Events Involving Other Patients are Relevant.

Plaintiffs seek to compel discovery related to six RFPs, all of which go to County Defendants' response to adverse events in the Jail involving other patients. (Doc. 68.) Because Plaintiffs bring claims pursuant to § 1983, to establish municipal liability, Plaintiffs must show, *inter alia*, that "a 'policy or custom' led to the [plaintiff's injury]." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Endy v. Cnty. of Los Angeles*, 975 F.3d 757, 769 (9th Cir. 2020).

Here, Plaintiffs allege "Ms. Casey's mistreatment and death occurred pursuant to multiple 'systems, policies, practices, and customs' under *Monell*" in violation of County Defendants' constitutional duty to provide adequate patient care. (Doc. 68 at 10–11.) County Defendants object to the requests as irrelevant, disproportionate to the needs of the case, overly broad, unduly burdensome, or compound. (*See* Docs. 68-14, 68-15.) County Defendants further object on the bases of work product doctrine, attorney-client privilege, Arizona quality assurance privilege, or the Health Insurance Portability and Accountability Act ("HIPAA"). (*Id.*)

County Defendants attempt to narrow discovery by emphasizing that Ms. Casey did not die until "seven weeks after her release from custody." (Doc. 70 at 5.) County Defendants, in opposing Plaintiffs' request for Jail "death reviews," assert that "neither County Defendant is aware of any other death at the Jail that involved delayed mental health medication or treatment, starvation, or a hunger strike." (*Id.*) County Defendants

---

³ Because County Defendants assert Ms. Edminson does not wish to speak with Plaintiffs' counsel without her counsel present, Defendants assert, and Plaintiffs agree, that the issue of communicating ex parte is moot. (Doc. 70 at 7; Doc. 72 at 2.) As such, the Court will not address this request.

further assert that Plaintiffs' request for Jail "death reviews" should be denied because "they are medical, not custodial claims," and Plaintiffs' claims against the County Defendants are "premised solely on a non-delegable duty theory and based solely on the actions of NaphCare." (*Id.*)

Defendants mischaracterize the scope of discovery in this case. Federal Rule of Civil Procedure 26 is clear that material relevant to "*any party's* claim or defense" is discoverable. Fed. R. Civ. P. 26(b)(1) (emphasis added). Further, the fact that Ms. Casey was discharged in a condition that necessitated direct release to hospice is reasonably comparable to cases in which death occurred while in custody. These allegations cast a broader net than Ms. Casey's personal medical records and warrant broader discovery. *See Wright v. S. Arizona Children's Advoc. Ctr.*, No. CV-21-00257-TUC-JGZ, 2023 WL 3595714, at *1 (D. Ariz. May 23, 2023) (quoting 6 James Wm. Moore et al., *Moore's Federal Practice* § 26.46 (3d ed. 2023)) ("In civil-rights actions alleging violations of § 1983, federal policy favors broad discovery."). As such, records involving patients who died in the Jail or who sustained an adverse event at or near the time frame alleged in this case are relevant. County Defendants response to those adverse events is equally relevant due to its deliberate indifference defense. (Doc. 81 at 25.)

To the extent that County Defendants object to discovery based on HIPAA, Defendants' objections are overruled. While HIPAA prohibits a covered entity from disclosing patients' protected health information ("PHI"), HIPAA allows for disclosure pursuant to a protective order in this type of situation. *See* 45 C.F.R. § 164.512(e) (a covered entity may disclose PHI in any judicial proceeding pursuant to a court order or in response to a discovery request with a qualified protective order).

Likewise, County Defendants' objections based on Arizona state privileges, such as quality assurance, are overruled. The Ninth Circuit has made clear that federal privilege law governs in federal cases, even when state law claims are involved. *See Agster v. Maricopa Cnty.*, 422 F.3d 836, 839 (9th Cir. 2005) (affirming the district court's order to produce the mortality review in a case involving the death of a prisoner and declining to

create a federal peer review privilege because "[i]n these circumstances, it is peculiarly important that the public have access to the assessment by peers of the care provided"); Fed. R. Evid. 501, Advisory Committee Notes 1974 Addition (where there are federal question claims and pendent state law claims present, the federal law of privilege applies); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 835 F.3d 1155, 1158 (9th Cir. 2016) (quoting *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014)) ("Where, as here, the same evidence relates to both federal and state law claims, we are not bound by Arizona law on privilege. Rather, federal privilege law governs.").

Further, to the extent that County Defendants object based on attorney-client privilege or work product doctrine under the Federal Rules, Defendants failed to follow the proper procedure to invoke these privileges. Defendants did not produce a privilege log specifically identifying what documents or pieces of information to which attorney-client privilege applies. Nor did Defendants submit evidence supporting what material it believes is protected by the work product doctrine. *Burlington N. & Santa Fe Ry. Co. v. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) ("[B]oilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege.). Thus, Defendants' blanket objections are improper and overruled.

Finally, County Defendants request the Court enter a protective order to "prevent the continued misuse of discovery." (Doc. 70 at 2.) While the Court may for good cause issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense," a protective order is not necessary at this time. Fed. R. Civ. P. 26(c)(1). County Defendants' request is denied. Nevertheless, the Court is mindful that County Defendants have spent substantial time meeting, conferring, and responding to Plaintiffs' requests, some of which are likely covered by ESI searches or overlap with other RFPs or Interrogatories. (*See* Doc. 70 at 3–4.) Plaintiffs are advised that while they may face a steep evidentiary burden to prove their *Monell* claims, the Court is not inclined to allow a fishing expedition disguised as a

discovery request. *See Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021). As such, the Court narrows Plaintiffs' discovery as follows:

**RFP 3 to Pima County**: Any documents produced to John Washington regarding adverse patient outcomes in the Pima County Jail between January 1, 2022 and January 1, 2023.

**RFP 5 to Pima County**: The underlying patient files reviewed by Pima County for the audits of NaphCare's services at the Pima County Jail completed between April 1, 2022 and October 1, 2022.

**RFP 14 to Sheriff Nanos**: All Pima County Jail "death review" reports conducted by the Pima County Sheriff's Office between January 1, 2022 and January 1, 2023.

**RFP 21 to Sheriff Nanos**: Messages on GTL (the "inmate tablet communication software") from April 1, 2022 to August 30, 2022 that contain the phrase "need my medicine," "need medication," or "need my medication," and messages that contain the terms "prescription" and "urgent."

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Compel Discovery from the County Defendants is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 68.)

**IT IS FURTHER ORDERED** that Plaintiffs' motion is **DENIED** with regard to RFP 14 to Pima County and RFP 4 to Sheriff Nanos.

///
///
///
///
///
///
///
///
///

**IT IS FURTHER ORDERED** that County Defendants shall have up to and including **June 13, 2025** to provide Plaintiffs with full and complete responses, as modified by the Court above, to RFP Nos. 3 and 5 to Pima County, and 14 and 21 to Sheriff Nanos. When necessary to protect PHI, the production shall be pursuant to a protective order. Any documents or information withheld from County Defendants' discovery responses based on privilege must be identified in their discovery responses and/or privilege log.

**IT IS FURTHER ORDERED** that the results of all ESI searches shall be produced by **June 13, 2025**.

Dated this 20th day of May, 2025.

_____
Honorable Angela M. Martinez
United States District Judge

- 7 -